AUGUSTA A. WILSON, Appellant, *v.* S. GREGOR DORAN et al., Respondents.

The fact that a defendant has made a tender upon the claim sued upon and has paid the sum tendered into court admits the contract or duty, and the right of plaintiff thereon to the sum tendered, ·but it goes no further, and defendant may defend against any claim by the plaintiff beyond the sum tendered upon any ground consistent with an admission of the original contract or cause of action.

Where, therefore, in an action upon a claim alleged to have been assigned to plaintiff, defendants pleaded a tender before suit brought and pay-ment of the sum tendered into court, and also put in issue plaintiff's title to the claim, and the evidence showed the alleged assignment to be invalid and that plaintiff had no title to the claim, *held*, that the plea of tender only admitted plaintiff's right to the cause of action to the amount tendered; and that although it appeared that a larger sum was due upon such cause of action plaintiff was only entitled to recover that amount.

A verdict was directed for defendant. It was objected by plaintiff that this was improper, as the plea of tender and payment into court was not accompanied by notice to plaintiff's attorney that the money had been paid into court. *Held*, that as plaintiff made no objection to the suffi-ciency of the plea and went to trial upon the issues, including that of tender, this was a waiver of the irregularity; but *held*, that, as the evi-dence raised a question of fact as to whether the tender was made to the proper person, that question should have been submitted to the jury, and the direction was erroneous.

To establish a legal tender after suit brought under the Code of Civil Pro-cedure (§§ 731, 734), it must appear that the money was paid into court and notice thereof given to plaintiff's attorney "before the trial and within ten days after the tender." (§ 732.)

The failure of plaintiff to return an answer containing several defenses, and among them the defense of tender before suit brought, or to other-wise raise the question before trial, is not a waiver of plaintiff's right to insist that money paid into court was not a good tender after suit brought, by reason of the fact that the statutory notice was not given.

*Wilson* v. *Doran* (46 Hun, 88) reversed.

(Submitted June 4, 1888; decided June 19, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made the first Tuesday of January, 1886, which affirmed a judgment in favor of plaintiff, entered upon a verdict directed by the court. (Reported below, 46 Hun, 88.)

This action was brought to recover a balance alleged to be due upon a stock transaction.

The complaint alleged, in substance, that the defendants were copartners and brokers, and, as such, had a transaction with George W. Wilson, upon which they became indebted to him in the sum of $600. The complaint set out plaintiff's title to the cause in action, derived as follows: An assignment by Wilson to Davis & Co., and from them to herself. The answer contained a general denial, and also averred that Wilson had transferred the cause of action to Hiram Davis, as assignee, for the benefit of his creditors, prior to the execution of either of the assignments under which the plaintiff claims title. The answer also set up, as a partial defense, that before the assignment was made by Wilson, under which the plaintiff claims title, that Wilson became indebted to them in the sum of $410.08 by reason of an overpayment made by them to him, and claimed the same as an offset against the plaintiff's cause of action, and that on settlement with Wilson the balance found due in his favor was the sum of $189.32, and no more. The defendants also, in bar of a recovery, averred that prior to the commencement of the suit, they tendered to the plaintiff the said sum of $189.32, and that they have ever since remained, and still are ready and willing to pay the said Wilson, or Davis & Co., or to the plaintiff or any person entitled to the same, the said sum of $189.32, but that the plaintiff and the other persons named, have refused to receive the same and they bring the same into court ready to be paid to the plaintiff if she will accept it. On the day the answer was served the defendants paid into court the said sum, which was left in the hands of the clerk. On the trial evidence was given as to which assignment was first made. On the question as to how much remained unpaid on the original cause of action, and as to whether there was a tender made of the said sum of $189.32 in due form and to the proper person, the evidence was conflicting. After the evidence was all in, at the defendant's request, the court directed a verdict for defendant, upon the ground that the general assignment

preceded the one under which the plaintiff claims title, and for that reason the plaintiff had failed to make out a cause of action.

*James S. Garlock* for appellant. The attempted general denial was insufficient to raise an issue. (*Luce* v. *Alexander*, 17 N. Y. W. D., 528; *Miller* v. *McClosky*, 1 N. Y. C. P. 252 and note; Code, § 500.) A confession and avoidance cannot be proved under that form of pleading. New matter must be pleaded. (*McKyring* v. *Bull*, 16 N. Y., 297, 304; *Savage* v. *Corn Ex. Ins. Co.*, 4 Bosw. 1; *Koehler* v. *Adler*, 18 Alb. L. J. 300; *Hoffman* v. *N. Y., L. E. and W. R. R. Co.*, 19 W. D. 510; (N. Y. Com. Pl.); *Sheldon* v. *Sabine*, 4 Civ. Pro. R. 4; *Potter* v. *Frail*, 67 How. Pr. 445; *Callaman* v. *Gillman*, 67 id. 464; *Lloyd* v. *Burns*, 38 N. Y. Supr. Ct. (J. & S.) 423, affirmed 62 N. Y. 651; *Pratt Manf. Co.* v. *Jordan I. and C. Co.*, 5 Civ. Pro. R. 372.) A good form of denial of a legal conclusion merely does not raise an issue. (*Emery* v. *Baltz*, 94 N. Y. 408.) The pretended tender was not available to defendants. No notice of payment into court was given, and hence the objections made to proof thereof should have been sustained. (*Baker* v. *Hunt*, 1 Wend. 103.) Plaintiff waived nothing by going to trial. (*Becker* v. *Boon*, 61 N. Y. 317; *Knight* v. *Beach*, 7 Abb. Pr. (N. S.) 241. Plaintiff duly objected to proof of tender. (*Brown* v. *Ferguson*, 2 Denio, 196; *Simpson* v. *French*, 25 How. Pr. 464; *Platner* v. *Lehman*, 26 Hun, 374.) A tender to Wilson, after he had assigned the claim or deal, was not good and is a nullity. It should have been tendered to some person authorized to receive it, and that should be shown. (*Grussy* v. *Schneider*, 50 How. Pr. 134; *Hargous* v. *Labruis*, 3 Sand. 213; Code of Civ. Pro. § 731; Rumsey's Pr. §§ 2, 318, 617.) A tender must be kept good and plaintiff should have notice where it is. (*Dodge* v. *Feary*, 19 Hun, 277; Code Civ. Pro. § 745; General Rule, 70.) The tender was not kept good unless it was properly paid into court. (*Cass* v. *Higenbotham*, 100 N. Y. 248.) The answer, even if it contained a good

general denial, did not raise an issue as to proper party plaintiff being before the court. (*Legerwood Man. Co.* v. *Baird*, 14 Abb. N. C. 318, 319.) Defendants, not being in position in reference to their tender, or plea of tender, to avail themselves of a tender properly paid into court, did not stop interest on any part of the claim, and plaintiff was entitled to recover interest and costs. (*Gray* v. *Green*, 9 Hun, 334, 339.)

*John N. Beckley* for respondents. Even if the specific denials quoted are not sufficient to put in issue all of the allegations upon the subject of the assignments of the claim on which the action was brought, the general denial is sufficient to put in issue every fact stated in the complaint not specifically admitted or denied. (Code of Pro. §§ 149, 500; *Allis* v. *Leonard*, 46 N. Y. 688; 22 Alb. L. J. 28; *Fellows* v. *Muller*, 88 Supr. Ct. 137; *Calhoun* v. *Hallam*, 25 Hun, 155, 156; *Smith* v. *Geatz*, 59 How. Pr. 274; *Parshall* v. *La Due*, 13 id. 7; *Genesee Mut. Ins. Co.* v. *Moynahan*, 5 id. 321; *Blane* v. *Eldred*, 18 id. 240; *Smith* v. *Wells*, 20 id. 158; *Haines* v. *Henry*, 9 Abb. N. C. 379; *Young* v. *Kent*, 46 N. Y. 672; *Crane* v. *Crane*, 43 Hun, 309; *Gallatin Nat. Bank* v. *Nashville, etc., R. R. Co.*, 4 N. Y. 714; *Wood* v. *Raydure*, 39 Hun, 145; *Zimmerman* v. *Hunt*, 7 N. Y. 778.) As the answer put in issue the allegations respecting the assignment of the claim alleged in the complaint, evidence showing that the general assignment was made prior to the assignment of the claim in suit was proper. (*Browning* v. *Marion*, 22 Hun, 547; *Andrews* v. *Bond*, 16 Barb. 633; *Griswold* v. *Frost*, 14 id. 536; *Weaver* v. *Barden*, 49 N. Y. 236.) As the answer made *profert in curia* of the money tendered, the want of a notice that it had been actually paid in was mere matter of practice, and of irregularity only, which might be waived, and is waived, by receiving the answer without objection in that respect. (*Sheridan* v. *Smith*, 2 Hill, 538; *Platner* v. *Lehman*, 26 Hun, 274.) The payment of the money into court, although not an issuable fact, is necessary to render the

tender effectual and important, because otherwise the money is not necessarily within the control of the plaintiff, who is entitled to it. (*Eddy* v. *O'Harra*, 14 Wend. 221; *Brown* v. *Ferguson*, 2 Denio, 196; *Wilder* v. *Seelye*, 8 Barb. 408; *Becker* v. *Boon*, 61 N. Y. 317.)

ANDREWS, J. It was held by the General Term that the title of the plaintiff to the demand in suit was put in issue by the pleadings, and we concur in that opinion. (*Bennett* v. *Leeds Manfg. Co.*, MSS., decided June 19, 1888.*) There was no substantial conflict in the evidence upon the point that the original assignor, before his assignment to Davis & Co., had, by virtue of a general assignment for the benefit of his creditors, transferred all his interest in the stock transaction out of which the claim in controversy arose, to his general assignee. If there was nothing else in the case, the nonsuit was properly directed on the question of title, because the fact of this prior transfer left nothing to be transferred by George W. Wilson, the plaintiff's husband, to Davis & Co., his immediate assignees, and Davis & Co. had nothing which they could transfer to the plaintiff. The judgment should, therefore, be affirmed, unless the fact that the defendants, in their answer, pleaded a tender before suit brought, to George W. Wilson and to Davis & Co., of the sum of $189.30 on the cause of action sued upon, and concurrently therewith paid the money tendered into court, entitled the plaintiff to litigate the question of the amount of the defendant's liability beyond the sum tendered, independently of the question of the plaintiff's title, or unless it entitled her, at least, to judgment in her favor for the amount tendered.

The defendants in their answer, after alleging the tender of the sum stated, and that they have ever since remained and still are ready to pay the sum tendered, aver that " they now bring the said sum into court ready to be paid to the plaintiff if she will accept the same." It is insisted on the part of the

---

* See *post* page 150.

plaintiff that the defendants, by the plea of tender and the payment of the money tendered into court, admitted not only the existence of the cause of action set out in the complaint, and the right of the plaintiff to the amount tendered thereon, but also her title to the entire cause of action and her right to recover damages beyond the amount tendered, although, in fact, she has no title, if the proof would justify a recovery of a greater amount, if the action had been brought by the. true owner. The authorities upon this question have been elaborately considered by the General Term in the prevailing opinion. It is admitted that the tender, and payment of the sum tendered, into court admits the contract or duty sued upon, and the right of the plaintiff under the contract and assignment to the sum tendered. But we understand the authorities to hold that the admission in such a case goes no further, and that it is open to a defendant to defend against any claim by the plaintiff beyond the sum tendered, upon any ground consistent with an admission of the original contract or cause of action. The defendant may, notwithstanding, insist upon the. statute of limitations, payment beyond the amount tendered, or other defense. (*Cox* v. *Parry,* 1 Term Rep. 464; *Reid* v. *Dickons,* 5 Barn. & Ad. 499; *Meager* v. *Smith,* 4 id. 673 ;. *Spalding* v. *Vandercook,* 2 Wend. 431.) It having been shown, therefore, that the plaintiff had not acquired title to the original cause of action, her right to recover thereon beyond the. sum admitted by the tender was upon the same principle defeated.

The remaining question relates to the nonsuit granted by the. trial court, notwithstanding the plea of tender. This cast. upon the plaintiff the costs of the action. The rule is well settled that a tender before suit brought, to be available, must. not only be pleaded, but the defendant, before or with his plea, must pay the money into court so that it may be subject to the plaintiff's order; and it was also necessary, under the former practice, that the plea should be accompanied by a. notice to the plaintiff's attorney that the money had been paid into court. (*Brown* v. *Ferguson,* 2 Den. 196; *Sheridan* v. *Smith,* 2 Hill, 538; *Dixon* v. *Clark,* 5 C. B. 366.) This.

having been done, if the tender was admitted or proved, and the plaintiff did not establish a right to recover a greater sum than the amount tendered, the defendant was entitled to a verdict or nonsuit. The conclusion was founded upon the reason that the money paid into court belonged in any event to the plaintiff, and the claim as to that amount was deemed to be stricken from the complaint, and if the plaintiff was not entitled to any more, she failed in the action. (*Becker* v. *Boon*, 61 N. Y. 317; *Platner* v. *Lehman*, 26 Hun, 374; *Murray* v. *Bethune*, 1 Wend. 191.) If, therefore, in this case, the tender before suit brought, alleged in the answer, had been conclusively proven, the nonsuit was properly directed, unless the failure of the defendant to prove notice given to the plaintiff of the payment of the money into court entitled the plaintiff to judgment for the amount tendered. The answer, as has been seen, made *profert in curia* of the sum tendered. The plaintiff made no objection to the sufficiency of the plea and went to trial upon the issues in the case, including that of tender. The duty of giving notice of the payment into court of the sum tendered, on a plea of tender before suit, was a matter of practice not prescribed by statute. In this case the money was in fact paid into court, and, under the authorities, the plaintiff, by proceeding under circumstances such as are disclosed by the record, waived the irregularity. (*Sheridan* v. *Smith*, *supra* ; *Platner* v. *Lehman*, *supra*.) But the fact of tender was in issue and was litigated on the trial. It was conceded that the defendants tendered the sum mentioned in the answer, before suit to some one, but it was claimed by the plaintiff that the tender was insufficient because made to George W. Wilson, and not to Davis & Co., to whom the former had assigned the stock The evidence raised a question of fact, whether the tender was made to the proper person. The court could not, therefore, properly take this question from the jury, and it follows that the judgment cannot be supported on the ground that there had been a sufficient tender before suit brought, made effectual by the subsequent payment of the sum tendered into court.

The defendants are, therefore, we think, compelled, in order to support the nonsuit, to establish that there was a legal tender after suit brought, under the provisions of the Code of Civil Procedure (§§ 731, 734), based upon sections of the Revised Statutes (2 R. S. 533, §§ 20, 23). But it seems to us to be a conclusive answer to the claim to resort to these provisions to uphold the nonsuit, that section 732 of the Code, one of the sections regulating the subject of tender after suit brought, expressly enacts that a tender does not avail the defendant, "unless the money is paid into court and notice thereof given to plaintiff's attorney before the trial and within ten days after the payment," and in this case it does not appear that there was notice, and the tender was objected to on the trial upon this ground. The giving of notice in case of tender after suit brought is no longer mere matter of practice under the regulation of the court, but a part of the prescribed statutory procedure. It is undoubtedly competent for a plaintiff to waive the service of the statutory notice, but we do not think that the former decisions in respect to notice, to which we have referred, justify the conclusion that the failure of the plaintiff to return the answer, which contained several defenses, and among them the defense of tender before suit, or to otherwise raise the question before trial, is a waiver of the right to insist on the trial that the money paid into court was not a good tender after suit brought by reason of the fact that the statutory notice was not given. (*Becker* v. *Boon, supra.*) It would be unjust to the plaintiff, who, so far as appears, never had notice of the actual payment of the money into court.

We are of opinion that a new trial should be granted on the ground that the question of tender before suit brought should have been submitted to the jury.

The judgment should be reversed.

All concur.

Judgment reversed.