### TAYLOR v. BROOKLYN EL. R. CO.

(*City Court of Brooklyn, General Term.* November 25, 1889.)

1. TENDER—PAYMENT INTO COURT—COSTS.

   Code Civil Proc. N. Y. §§ 731–734, provide that, in actions for money only, defendant may, before trial, tender plaintiff the amount he conceives to be due him, with costs, but the tender shall not avail unless the money is accepted, or paid into court; and that where plaintiff proceeds in the action after tender, and recovers no more than the sum tendered, he shall pay costs from date of tender, and, where he recovers a greater sum, the amount paid into court shall be deducted therefrom. Before trial of an action for damages, defendant made a tender to plaintiff, which being refused, the money was by defendant paid into court. On a verdict being found for plaintiff, both parties asked an order for the money. *Held*, that it was properly awarded to plaintiff, though she had no knowledge of its payment into court after she declined the tender.

2. SAME—AWARD—CONTRACT.

   The statutes and Code of New York make no distinction between tender on award and tender in an action on contract.

Appeal from special term.

Action to recover damages for negligence, by Frances M. Taylor against the Brooklyn Elevated Railroad Company. Before trial, defendant made tender of a sum of money to plaintiff, which, being refused, was deposited by defendant in court. On trial, there was a verdict for plaintiff, and thereupon both parties applied for the money. From an order awarding it to plaintiff, defendant appeals.

Code Civil Proc. N. Y. § 731, provides: "Where the complainant demands judgment for a sum of money only, and the action is brought to recover a sum certain, or which may be reduced to certainty by calculation; or to recover damages for a casual or involuntary personal injury, or a like injury to property,—the defendant, or his attorney, may, at any time before the trial, tender to the plaintiff, or his attorney, such a sum of money as he conceives to be sufficient to make amends for the injury, or to pay the plaintiff's demand, together with the costs of the action to that time." Section 732 provides that the tender shall not avail unless the money is accepted or paid into court, and notice served on plaintiff within 10 days thereafter, and before trial. Section 733 provides that, if it appear on trial that the tender was sufficient, defendant shall pay no costs from date of tender. Section 734 provides that if plaintiff proceeds in the action after tender, and recovers no more than the sum tendered, he shall pay costs from date of tender, and if he recover a greater sum the amount paid into court shall be deducted therefrom.

Argued before CLEMENT, C. J., and OSBORNE, J.

v.7 N.Y.s.no.13—40

*Hoadley, Lauterbach & Johnson,* for appellant. *Dailey & Bell,* for respondent.

OSBORNE, J. Plaintiff brought this action to recover damages for the alleged negligence of the defendant. On February 18, 1889, and prior to the trial of this action, defendant tendered to plaintiff $200 in liquidation of her claim, and $65 for accrued costs. This tender was refused; and thereupon, on the same day, defendant obtained an order by which it was "ordered (1) that the defendant have leave to bring into court, and deposit with the clerk thereof, the sum of two hundred dollars, admitted by it to be due the plaintiff herein, together with sixty-five dollars, plaintiff's costs to date; (2) that thereupon, unless the plaintiff shall accept the sum in full discharge of this action, the same shall be deducted from any recovery thereon, and the sum shall be paid out of court to the plaintiff or her attorney," etc. Said sum of $265 was accordingly deposited with the clerk of this court, pursuant to said order. Subsequently, this action was tried, and plaintiff had a verdict. After the trial, defendant applied for an order directing that said deposit be returned to it; and about the same time plaintiff sought to obtain an order for the payment of said sum to her. Both applications coming on to be heard at the same time, an order was made directing the payment of the amount so deposited to the plaintiff; and from that order defendant now appeals.

Defendant's proceedings as to this tender and deposit were taken under sections 731–734 of the Code of Civil Procedure. These sections are substantially a re-enactment of the provisions as to tender formerly contained in the Revised Statutes, (*vide* 2 Rev. St. 553, §§ 20–23,) with the further requirement that the money tendered must be paid into court, and notice thereof given, (section 732.) Under these provisions of the Code, plaintiff has a right to draw out the money so deposited, and to proceed with his action; leaving the question of costs subsequently accruing to be determined by the result of the action. There is nowhere any such change of these provisions as to alter the force of the decisions heretofore made as to the title to, or ownership of, the fund deposited. In *Slack* v. *Brown,* 13 Wend. 390, the court say, (page 396:) "When money is brought into court, the plaintiff is at all events entitled to it. Any other construction would be unjust;" citing *Birks* v. *Trippet,* 1 Saund. 33, note 2; 2 Archb. Pr. 203. In *Dakin* v. *Dunning,* 7 Hill, 30, the court say: "The sum brought into court belongs to the plaintiff in any event." In *Becker* v. *Boon,* 61 N. Y. 317, the court say, (page 322:) "The object of payment into court is to place the money tendered where plaintiff will be sure to get it. It then becomes the plaintiff's money, and the defendants cannot dispute his right to it." *Wilson* v. *Doran,* 39 Hun, 88, contains a carefully considered opinion, citing many authorities, on the question of tender. In that case, defendant had a verdict; yet the court say: "If that [the alleged tender] was made, and the money brought into court, the plaintiff was entitled to it, notwithstanding the verdict. * * * At common law, payment of money may, when tender has been made before suit, and when no tender has been made, be paid into court, and, when so paid into court, the money becomes that of the plaintiff, and the defendants cannot, in any event of the action, take it out." While it is true that the judgment in this case was reversed in the court of appeals, (110 N. Y. 101, 17 N. E. Rep. 688,) yet the opinion of that court sustains the conclusions of the general term as to the right of the plaintiff to the sum tendered; the reversal being on another point. It seems to us plain, from the above-cited decisions, that the right of the respondent to the amount deposited cannot be successfully questioned.

The learned counsel for the appellant, in his very elaborate brief, attempts to draw a distinction between tender and tender of awards. It is a sufficient answer to his argument that neither the Revised Statutes nor the Code make any such distinction. The provisions as to both are precisely the same, and

we can see no reason why the decisions above quoted are not as applicable to tender of awards as to tender in an action on contract.

A further point is made by the learned counsel for the appellant, that, by proceeding with the trial, plaintiff waived the benefit of the tender. This point cannot be sustained. By the Code, plaintiff had a right to proceed with the trial, and to prove the circumstances under which she claimed to hold defendant liable in damages to an amount greater than the sum tendered. Nor was it, in any sense, a waiver, as contended, because plaintiff failed to request the trial court to charge the jury that she was in any event entitled to the moneys in question. In the *first* place, the order under which the deposit was made, prohibited plaintiff on the trial from giving any evidence of the tender, so that it could not be before the learned trial judge; and, *secondly,* section 734 of the Code prescribes the practice to be adopted in such cases. It is to be noted that in the order appealed from, prepared by appellant's counsel, the sum deposited "is admitted by it to be due the plaintiff herein;" and it is further provided "that the sum shall be paid out of court to the plaintiff or her attorneys." We have, however, in our conclusions, laid no stress on the phraseology of the order appealed from, preferring to base our judgment entirely on the law as we find it to be. Nor was the tender a nullity, as claimed, because notice of the payment into court was not given the plaintiff. In *Wilson* v. *Doran, supra,* the court of appeals held that "it is undoubtedly competent for the plaintiff to waive the service of the statutory notice." Defendant had another course open to pursue, of which it might have availed itself, to attain the end sought by the tender and deposit. It could have offered to allow judgment for the sum it admitted to be due, with costs. It endeavors to explain its failure to do this, in its affidavit, by alleging that there was not sufficient time between the tender and the anticipated day of trial to make a valid offer pursuant to the Code. If this be the case, defendant has only itself to thank for its present position, as by an earlier preparation for trial it would undoubtedly have been able to avail itself of the provision as to offer to allow judgment, if so advised. We are accordingly of the opinion that the order appealed from should be affirmed. Order affirmed, with costs.

CLEMENT, C. J., concurs.