### CRANE v. POWELL.

*(Common Pleas of New York City and County, General Term.   June 6, 1892.)*

1. STATUTE OF FRAUDS—PLEADING.

   The statute of frauds must be pleaded in order to be relied on as a defense, unless the complaint shows that the case is within the statute.   *Wells* v. *Monihan*, 29 N. E. Rep. 232, 129 N. Y. 161, followed.

2. DAMAGES—BREACH OF CONTRACT FOR BOARD.

   Where a person who has agreed to board with another for a certain time leaves before the expiration of the time, damages are recoverable, not for the entire contract price, but for the profits which would have accrued, over and above the cost of the board, during the time when other boarders could not have been obtained to take his place.

3. SAME—SURRENDER OF PREMISES.

   The fact that the occupant surrendered the premises to the landlord after the boarder left did not prevent a recovery on the ground that the ability to perform was thus put out of her power, but is to be regarded merely as a reduction of the claim against the boarder by the amount of rent saved in the surrender.

Appeal from trial term.

Action by Julia M. Crane against Seneca D. Powell.   From a judgment for plaintiff and an order denying a new trial, defendant appeals.   Modified and affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

C. *Godfrey Patterson*, (*Henry Major*, of counsel,) for appellant.   *John W. Weed*, for respondent.

BOOKSTAVER, J.   This action was commenced by the plaintiff to recover damages for a breach of contract which she claimed to have made with the defendant to provide him furnished rooms, attendance, and board for a period of one year from the 1st November, 1887.   From the evidence it appears that this alleged contract was entered into towards the latter part of October of that year, and a few days before the 1st November.   It was not in writing, although this fact did not appear in the complaint, and the validity of the contract was not averred in the answer.   Before the plaintiff had fully rested, the defendant moved to dismiss the complaint, and at the close of the case moved for a direction of a verdict, on the ground that the contract testified to by the plaintiff was invalid under the statute of frauds.   These motions the court denied, as would appear from the case, and especially from the charge, on the ground that the defendant had not pleaded the statute, and could not avail himself of it under a general denial.   For a long time it was thought that, where the complaint alleged the existence of a contract without stating whether or not it was in writing, the statute of frauds could be taken advantage of under a general denial, for the reason that the allegations of the complaint implied a legal contract, and that the plaintiff was bound to prove such a contract by proving the writing, or, if it turned out to rest in parol, that then it could be attacked on the ground that it was obnoxious to the statute of frauds.   *Berrien* v. *Southack*, (City Ct. N. Y.) 7 N. Y. Supp. 324; *Harris* v. *Knickerbacker*, 5 Wend. 638; *Gibbs* v. *Nash*, 4 Barb. 451; *Cary* v. *Telegraph Co.*, 20 Abb. N. C. 333; *Marston* v. *Swett*, 66 N. Y. 206; and many others which might be cited.   But we think the later decisions in the court of appeals have overruled this doctrine.   In *Porter* v. *Wormser*, 94 N. Y. 450, it was said: "The general rule is that the defense of the statute of frauds must be pleaded, except where the complaint on its face discloses a case within the statute.   It cannot be doubted that if the defendants had brought an action to recover a balance claimed to be due on the contract for the purchase of the bonds, without disclosing whether the contract was oral or written, the plaintiff would have been bound to plead the statute to avail himself of its protection."   In *Hamer* v. *Sidway*, 124 N. Y. 548, 27 N. E. Rep. 256, an oral promise was made by the defendant's testator to pay plain-

tiff $5,000 if he refrained from drinking, etc., for more than a year. In deciding that case, PARKER, J., said: "It will be observed that the agreement which we have been considering was within the condemnation of the statute of frauds, because not to be performed within a year, and not in writing. But this defense the promisor could waive. * * * Were it otherwise, the statute could not now be invoked in aid of the defendant. It does not appear, on the face of the complaint, that the agreement is one prohibited by the statute of frauds, and therefore such a defense could not be made available, unless set up in the answer." In *Wells* v. *Monihan,* 129 N. Y. 161, 29 N. E. Rep. 232, it was sought to defeat the action on the ground that the paper upon which the action was brought was void by the statute of frauds, in that by its terms it was for the debt, default, or miscarriage of another, and no consideration was expressed in the instrument itself. But it was held that, in so far as the defense rested upon the statute of frauds, it must fail, for two reasons, the first of which was that no such defense had been pleaded, and that it was not raised by the averments of the complaint, and without one or the other of these conditions the defense, if it existed, could not be made available. The language of the decision is very broad and comprehensive, and we think conclusive upon this question, and that the court properly refused to dismiss the complaint, or direct a verdict in favor of the defendant, on that ground.

The defendant also moved to dismiss the complaint before the plaintiff had fully rested, on the ground that it appeared that she had surrendered possession of the premises in July, and was not able to perform for the remainder of the term; and also on the ground that she had proved no damages. Neither of these grounds for dismissal was argued upon the appeal, nor do we well see how they could be successfully maintained. The lease defendant claimed to have had assigned to him merely as security for moneys which he had advanced to the plaintiff, and reassigned it to her before he left her premises; and, while the evidence as to damages was somewhat loose, it was the best which could be given under the circumstances.

After the defendant had introduced his evidence, the court charged the jury, on the question of the statute of frauds, in exact accordance with the decisions of the court of appeals, as above stated, and directed them that, if they found a verdict in favor of plaintiff, they should state how much, if anything, they found for each month of the term after the defendant had left plaintiff's house; and they thereafter returned with a verdict, by which they found that the plaintiff was entitled to the sum of $270.83 for the month of June, 1888, $106.50 for each of the months of July, August, and September, 1888, and $53.25 for the month of October,—making a total of $643.58, together with $141.62 interest, or an aggregate of $785.20. The defendant made a motion for a new trial, among other things, on the ground that the damages were excessive. The jury allowed the full amount of the contract price for the month of June, which was to include the board of defendant and his assistant, notwithstanding the court charged that for that month the value of the defendant's board should be deducted. This she testified cost her about $4 a week each person, which, for the defendant and his attendant, would have amounted to $32 for that month, and consequently should be deducted from the $270.83, leaving $238.83 for the month of June. As for the months of July, August, and September, the amount allowed was only for the profits the plaintiff would have made had the defendant performed his agreement. We think on the evidence, and in consideration of the fact that the testimony tended to show no occupants could be procured for the rooms during these months, this was just and fair. As to the month of October, they found but $53.25, and that, probably, was because the court charged the jury that for that month there was no evidence but that she could have obtained boarders had she been in a position to do so, and consequently, acting upon that suggestion, the amount was reduced as above stated.

But defendant contends that nothing whatever should have been allowed after the month of June, because she had put it out of her power to fulfill her contract by surrendering the premises in July; but the evidence shows that the defendant before that time, and in the latter part of May, absolutely refused to remain with her longer, and moved away from her premises. At that time she was ready and willing to perform her contract, and continued ready and willing for more than a month thereafter. Under such a condition of facts, it was not necessary for her again to tender performance on her part. The surrender of her house to her landlady, instead of depriving the plaintiff of all claim for damages, may justly be regarded as an effort on her part to reduce the damages sustained by her, and it was equivalent to letting them on his account at the price they cost the plaintiff, leaving her claim for the stipulated payment to be made by the defendant reduced by the amount of rent saved by the surrender. The judgment should therefore be modified by reducing the same by $32, with interest thereon from the 1st day of July, 1888; and, as so modified, should be affirmed, with costs, for the reason that the defendant, upon the coming in of the verdict, did not point out the excess in the amount found for the month of June over that which the judge had charged. Had his attention been specifically called to this, he would doubtless have reduced the judgment at once, without the necessity of an appeal.

All concur.