### COMPTON v. MELLISS.

(Common Pleas of New York City and County, General Term. February 6, 1893.)

STATUTE OF FRAUDS—ORIGINAL AGREEMENT—ENGAGEMENT FOR DEBT OF ANOTHER.

When, after a contract for the sale of personalty, the seller, buyer, and a third person agree that such person shall become the purchaser instead of the original buyer, such substituted agreement is not within the statute of frauds as an engagement for the debt of another.

(Syllabus by the Court.)

Appeal from city court, general term.

Assumpsit by Oscar Compton against Norman T. M. Melliss. Plaintiff had judgment, which was affirmed by the city court at general term, (19 N. Y. Supp. 691,) and defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Abram Kling, for appellant.
Hyland & Zabriskie, for respondent.

PRYOR, J. We are asked to reverse the judgment because, as contended, the statute of frauds is fatal to the recovery; but how, upon the pleadings, can we give effect to the defense? The action is for goods sold and delivered, the answer a denial only; and thus the defense, being neither pleaded nor apparent on the complaint, is unavailable. Wells v. Monihan, 129 N. Y. 161, 29 N. E. Rep. 232; Porter v. Wormser, 94 N. Y. 431; Crane v. Powell, (Com. Pl. N. Y.) 19 N. Y. Supp. 220. Nevertheless the benefit of it was accorded to the appellant on the trial, and his defeat was due only to his failure to establish it. Out of abundant indulgence to him, we have examined the record to ascertain if any

error of law vitiates the verdict. The evidence was sufficient to show that the merchandise in question was sold and delivered to the Carr & Hobson Company; that the vendor, informed of the insolvency of the company, threatened to replevy the goods for fraud in the purchase; that thereupon the sale to the company was rescinded, and the goods sold afresh to the defendant. By his charge the learned trial judge presented the case to the jury upon the hypothesis of this predicament of fact, instructing them expressly that, unless they found that, with the consent of the company, the appellant made a new contract for the purchase of the goods himself, he would not be responsible. So directed, the jury must have found that the appellant became a substituted buyer, instead of the original vendee, who was discharged from his obligation; and, this being the case, the engagement of the appellant was primary and absolute, not secondary and contingent. A contract of novation is not within the statute of frauds. Cox v. Weller, 6 Thomp. & C. 309. The authorities adduced by the appellant are inapplicable to the facts as found by the jury; and the exceptions are tenable only upon a theory of the case not submitted to their determination. As the appeal is from the city court, and the case does not purport to present all the evidence, we are precluded by a double difficulty from canvassing the evidence in support of the verdict.

Judgment affirmed, with costs.