WILLIAM J. BARRETT, Appellant, v. CHARLES W. JOHNSON, Respondent.

*Statute of Frauds — laches in taking advantage of it.*

Where the Statute of Frauds is not pleaded as a defense to an action, and upon the trial thereof evidence which establishes the parol contract is received without objection, the defendant is not in a position at the close of the trial to take advantage of the statute.

APPEAL by the plaintiff, William J. Barrett, from a judgment of the Rensselaer County Court in favor of the defendant, entered in the office of the clerk of the county of Rensselaer on the 22d day of June, 1893, upon a decision of the court dismissing the plaintiff's complaint, and also from an order made upon the minutes denying the plaintiff's motion to dismiss the appeal upon the justice's return, with notice of an intention to bring up for review on such appeal the decision, order and judgment of the court.

*T. F. Doherty* and *W. F. Hickey,* for the appellant.

*F. S. Black,* for the respondent.

HERRICK, J.:

The plaintiff brought his action against the defendant in the Justice's Court to recover the sum of forty-nine dollars, alleging in his complaint that on or about the 1st day of February, 1891, he was in the employ of the firm of Salisbury & Johnson; that at that time plaintiff was receiving from said firm a salary of twelve dollars per week; that he then notified defendant Johnson that he would no longer work for that amount, and that unless the said firm would increase his salary to fourteen dollars per week he would quit their employ; that said Johnson then informed him that he would increase his salary one dollar per week from said firm, and he, said Johnson, personally would pay to plaintiff one dollar per week additional, if he would remain in the employ of said firm during a period of six months from that time; that about the expiration of said six months plaintiff spoke to Johnson in regard to his salary, and Johnson said they would continue under the same arrangement for another six months; that the plaintiff continued in the employ of the defendant during the balance of said term, but that the defendant has never paid him the amount of one dollar per week, amounting to the sum of forty-nine dollars.

The plaintiff recovered judgment against the defendant in the Justice's Court, and the defendant thereupon appealed for a new trial in the County Court, he having pleaded a counterclaim for more than fifty dollars.

At the close of the testimony in the case, the court nonsuited the plaintiff "upon the ground that from the testimony of the plaintiff it appears that the contract, if any, entered into between the plaintiff and defendant, was a contract to answer for the debt or default of the co-partnership firm of Salisbury & Johnson, and that the same was not in writing, and, therefore, void by the Statute of Frauds."

The complaint of the plaintiff and the answer of the defendant were both in writing; the defendant in his answer did not plead the Statute of Frauds as a defense, although, as will be seen from the substance of the complaint, as hereinbefore stated, he was fully

apprised of the nature of the plaintiff's claim; neither was there any objection made by the defendant upon the trial to the reception of the evidence establishing the contract by parol. This was error. The statute not being pleaded as a defense, and the evidence which established the parol contract having been received without objection, the defendant was not in any position to take advantage of the statute at the close of the trial. (*Crane* v. *Powell*, 139 N. Y. 379.)

In addition, however, it may be stated that, if the plaintiff's version of the contract, as given by him upon the trial, is correct, then the defendant did not agree to pay the debt of another, but entered into a contract of his own and for which he was personally responsible as the original contractor.

The judgment of the County Court should be reversed and a new trial ordered, costs to abide the event.

MAYHAM, P. J., and PUTNAM, J., concurred.

Judgment reversed and a new trial granted, costs to abide the event.