THOMAS SMITH, Plaintiff, *v.* MARGARET W. SLOSSON, Defendant.

*Tender — waiver of payment into court — Statute of Frauds — not available as a defense unless pleaded — contract of hiring — variance between pleading and proof.*

When a tender is made before an action is commenced it may be treated as a nullity unless the money is paid into court and notice to that effect is served with the answer alleging the tender as a defense; this, however, is a matter of practice, and if the answer is received and retained without raising an objection to the omission the plaintiff will be deemed to have taken issue upon the the plea of tender and waived the irregularity.

To render the Statute of Frauds available as a defense in an action it must be pleaded.

# SMITH *v.* SLOSSON. 569

The complaint in an action, brought to recover damages resulting from an alleged breach of contract of hiring, alleged that on or about the 26th day of March, 1894, the plaintiff made with the defendant an agreement to perform services for her "for and during the period of one year from and including said date" for a stated compensation; that the plaintiff entered upon the performance of the contract and continued in the service of the defendant until October 31, 1894, when the defendant refused to permit him to proceed further with the performance of the contract, although he was, and has since been, ready to do so; that the defendant had paid him only a portion of the compensation for the services performed, and he demanded judgment for damages sustained by reason of the breach of the agreement.

The answer admitted the making of a contract with the plaintiff, but denied that the terms thereof were as stated in the complaint; it further alleged that by the terms of the contract the plaintiff was employed to render services so long only as the defendant should choose to employ him; that the plaintiff had failed to satisfactorily perform the services for which he was employed and was discharged on October 29, 1894; that the plaintiff had been tendered the balance due him upon the contract; that he had refused to receive the same, and "that the defendant has ever since remained and still is ready and willing to pay to the plaintiff said sum, but the plaintiff has hitherto refused to receive the same; that this defendant now brings said sum of sixty-seven dollars into court ready to be paid to the plaintiff if he will accept the same."

Upon the trial of the action it appeared that the agreement was not in writing, and the evidence upon the part of the plaintiff was to the effect that on or about March 26, 1894, the contract was made by him with the defendant for one year's service, to commence on or about April first, when he should be requested by the defendant to do so, and that pursuant to the request of the defendant he entered upon the performance of the contract on March 29, 1894.

The trial court directed a nonsuit upon the ground that the contract was void by the Statute of Frauds in that the contract was not in writing, and by its terms was not to be performed within one year from the time it was made.

*Held*, that as the defendant had omitted to plead the defense of the Statute of Frauds, such direction was erroneous;

That the fact that the plaintiff did not allege in the complaint a contract which by its terms was not to be performed within one year did not constitute such a variance between the plaintiff's pleading and proofs as to mislead the defendant to her prejudice within the meaning of section 539 of the Code of Civil Procedure.

MOTION by the plaintiff, Thomas Smith, for a new trial upon a case containing exceptions, ordered to be heard at the General Term in the first instance, upon a nonsuit granted after a trial at the Ontario Circuit before the court and a jury on the 25th day of January, 1895.

The plaintiff, by his complaint, alleges that on or about the 26th day of March, 1894, he made with the defendant an agreement to perform services (therein mentioned) for her "for and during the period of one year from and including said date" for the compensation of twenty-two dollars per month and board; that he entered upon the performance of the contract and continued in the service of the defendant until on or about October 31, 1894, when the defendant refused to permit him to proceed further with the performance of the contract, although he was, and has since been, ready to do so; that the defendant paid him a portion only of the compensation for the services which he had performed, and that the plaintiff sustained damages by reason of the breach of the agreement.

The defendant, by her answer, admits that on or about the 29th day of March, 1894, she made a contract with the plaintiff for his services, but denies that the terms of the contract were as stated in the complaint. And she alleges that by the terms of the contract she employed the plaintiff to render services so long only as she should choose to employ him; that the plaintiff failed to satisfactorily perform the services for which he was employed, and that on or about the 29th day of October, 1894, she discharged him from her service. And she further alleges that she then tendered to the plaintiff sixty-seven dollars in payment of the balance due him upon the contract; that he refused to receive it, and "that the defendant has ever since remained and still is ready and willing to pay to the plaintiff said sum, but the plaintiff has hitherto refused to receive the same. That this defendant now brings said sum of sixty-seven dollars into court ready to be paid to the plaintiff if he will accept the same."

The plaintiff was nonsuited at the trial.

*Wm. S. Moore*, for the plaintiff.

*Charles A. Hawley*, for the defendant.

BRADLEY, J.:

The alleged agreement was not in writing, and the evidence on the part of the plaintiff to prove it was to the effect that on or about the 26th day of March, 1894, the agreement was made for one year's service to commence on or about April first, when he

should be requested by the defendant to do so; that pursuant to her request, afterwards made, he entered upon the performance of the contract on the 29th day of March, 1894. There was a conflict in the evidence of the parties relating to the terms of the contract, and as to the manner of the performance of the service by the plaintiff.

The nonsuit of the plaintiff was directed upon the ground that the contract was void by the Statute of Frauds, as it was not in writing, and by its terms was not to be performed within one year from the time it was made.

This was not alleged as a defense. There has been some conflict of authority on the subject, but the doctrine of the later cases is that, to render the Statute of Frauds available as a defense, it must be pleaded. (*Hamer* v. *Sidway*, 124 N. Y. 539; *Wells* v. *Monihan*, 129 id. 161; *Crane* v. *Powell*, 139 id. 379, affg. 46 N. Y. St. Repr. 668; *Barrett* v. *Johnson*, 77 Hun, 527; *Bannatyne* v. *Florence Milling Co.*, Id. 289.)

It is urged by the learned counsel for the defendant that the plaintiff failed to prove the contract alleged in the complaint, and for that reason the direction of the nonsuit was supported by the denial alleged in the answer, inasmuch as the contract proved was within the statute. The variance thus referred to is in the fact that the plaintiff did not allege in the complaint a contract which by its terms was not to be performed within one year. The counsel for the defendant cites several of the earlier cases in which this question did not arise, but where it was said *obiter* that if the agreement were denied it was incumbent upon the plaintiff to establish a contract valid within the statute by evidence competent to prove it. The distinction urged, to the effect that the denial by answer of the making of the alleged contract is effectual, when as alleged in the complaint it does not appear that the contract would be void if not in writing, although otherwise it would be necessary to plead the statute, is not observed by the cases cited. In those cases in which it was said that the denial would put the plaintiff to the necessity of giving such evidence as would establish an agreement having the formality required by the statute to render it valid, the contracts as alleged were invalid within the Statute of Frauds, unless in writing. (*Cozine* v. *Graham*, 2 Paige, 177; *Ontario Bank* v. *Root*, 3 id. 478; *Marston*

v. *Swett*, 66 N. Y. 206.) Nor is such distinction observed in any of the cases to which our attention has been called. It is suggested that it was in the mind of the court in *Crane* v. *Powell*, but nothing appears in that case to require such conclusion. It was not deemed essential in the Common Pleas to make specific reference to the complaint (46 N. Y. St. Repr. 668), nor was it in the report of the case in the review which followed.

If the complaint had alleged that the contract was for service of the plaintiff to be performed for one year from a day subsequent to that on which the contract was made, the import of the pleading that the contract was valid would have been no less than was the implication in that respect furnished by the allegations as made in the complaint of the terms of the contract in question.

In either case, for the purposes of the pleading, it would be assumed that the alleged contract was made in such manner as to render it valid. (*Marston* v. *Swett*, 66 N. Y. 206.)

There is in the present case no variance between the plaintiff's pleading and proofs of the character to mislead the defendant to her prejudice within the meaning of the rule applicable to the subject. (Code Civ. Proc. § 539.)

The plaintiff, by his complaint, alleged a contract for one year's service. The defendant was advised by the complaint that he claimed damages for an alleged breach of such a contract. The plaintiff's evidence tended to prove that there was an unwritten contract to that effect, and that he was not permitted to complete the performance of it. It must be assumed that the defendant knew that there was no written memorandum of the agreement between them, and that she knew as well as the plaintiff whether or not he, by the terms of the contract (whatever it may have been), was to enter upon its performance on the day it was made. And if not, she could have alleged that fact, and there was no difficulty in pleading the statute to the effect that there was no memorandum thereof in writing to support an agreement by its terms not to be performed within one year from the making thereof.

It may be observed that no general denial is set up in the answer. The defendant there admits that on or about the 29th day of March, 1894, she made a contract with the plaintiff for the performance of services by him, but denies that the contract was as stated in the

complaint. The controversy, as alleged by the parties in respect to the terms of the contract, had relation only to the stipulated period of time for performance. And the time when it appeared that the plaintiff commenced performance of the services corresponds substantially with the time when the defendant admits the contract alleged by her was made.

The view here taken is that by reason of the omission of the defendant to plead the Statute of Frauds the court erred in directing the nonsuit.

The plaintiff's counsel urges as a further reason why the nonsuit should not have been directed that the tender was ineffectual as a defense because the amount was not paid into court. It is true that when a tender is made before action commenced it may be treated as a nullity unless the money is paid into court and notice to that effect is served with the answer alleging the tender as a defense. But that is a matter of practice, and if the answer is received and retained without raising an objection to the omission, the plaintiff may be deemed to have taken issue upon the plea of tender and waived the irregularity. (*Sheriden* v. *Smith*, 2 Hill, 538; *Wilson* v. *Doran*, 110 N. Y. 101.)

And if any objection to the alleged tender, or its effect as such, was available to the plaintiff at the trial, none was raised there by him. (*Becker* v. *Boon*, 61 N. Y. 317.)

For these reasons no question in relation to the tender is necessarily here for consideration.

The motion for a new trial should be granted, costs to abide the event.

LEWIS, WARD and DAVY, JJ., concurred.

Motion for new trial granted, costs to abide the event.