### HELLER v. KATZ et al.

(Supreme Court, Appellate Term.  February 5, 1909.)

1. TENDER (§ 26*)—PAYMENTS INTO COURT—EFFECT.

Under the sections of the Code of Civil Procedure relating to tender, a tender and payment into court of a less sum than the amount claimed in a contract action conclusively admits the indebtedness to the amount tendered, and vests title thereto in plaintiff, even though he does not accept it, and regardless of the final result of the action, and a finding that plaintiff was entitled to an amount less than that deposited would not affect his right to the amount deposited.

[Ed. Note.—For other cases, see Tender, Cent. Dig. §§ 88–95; Dec. Dig. § 26.*]

2. TENDER (§ 26*)—EFFECT OF PAYMENT INTO COURT—COSTS.

Where defendant tenders and pays into court an amount less than that claimed, if plaintiff continues the action, he will be liable for costs if his recovery is less than the amount tendered.

[Ed. Note.—For other cases, see Tender, Cent. Dig. § 92; Dec. Dig. § 26.*]

3. TENDER (§ 26*)—EFFECT OF PAYMENT INTO COURT—RIGHT OF FURTHER DEFENSE.

That defendant made a tender and payment into court would not prevent him from denying plaintiff's claim beyond the sum tendered upon any ground consistent with the admission of the original cause of action.

[Ed. Note.—For other cases, see Tender, Cent. Dig. §§ 88–95; Dec. Dig. § 26.*]

4. APPEAL AND ERROR (§ 1177*)—DISPOSITION OF CAUSE—REVERSAL—NECESSITY OF NEW TRIAL—DEFECT IN FINDINGS.

Where plaintiff claimed commissions for sales made on a number of items, and the trial court did not state which items it allowed, and which it disallowed, in finding for plaintiff in a certain sum, so that it is impossible to determine whether the sum allowed was proper, on reversal for rendering judgment for less than the amount tendered and paid into court by defendant, a new trial must be granted.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4597–4620; Dec. Dig. § 1177.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Joseph Heller against Solomon Katz and another. From a judgment for plaintiff for an insufficient amount, he appealed. Reversed and new trial granted.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

Thomas J. O'Neill, for appellant.
Kneeland, La Fetra & Glaze, for respondents.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GILDERSLEEVE, P. J.　The action is to recover commissions, claimed to amount to $316.38, under a contract which is claimed to be substantially as follows: The plaintiff was to receive 5 per cent. commission on yearly sales up to $15,000, 7½ per cent. upon yearly sales in excess of $15,000 and less than $20,000, and 10 per cent. upon yearly sales in excess of $20,000; and the defendants were to pay plaintiff his traveling expenses in a selling territory, specified in the contract, and plaintiff was to receive commissions on all orders received from the specified territory, whether or not the sales were personally made by plaintiff. The defendants admit substantially this employment of plaintiff, and in their answer allege:

"That in or about the month of January, 1908, defendants tendered to plaintiff the sum of $136.91 in full settlement of plaintiff's alleged claim, and that defendants have been ever since and now are ready and willing to pay the sum of $136.91, with interest, to plaintiff, and hereby tender and pay the sum of $140.53 into court."

Upon the trial there was considerable controversy as to the various items upon which plaintiff claimed commissions, and the court gave judgment for plaintiff in the sum of $66.25. Plaintiff appeals, and urges that he is entitled to judgment for at least $140.53, the amount of the tender and deposit.

At the end of the record appears the following statement, viz.: "* * * * The court rendered judgment in favor of the said plaintiff against the said defendant for the sum of $66.25 damages," without any reference to the money deposited in court under defendants' tender; and defendants' counsel urges that there is no evidence of any money having been actually paid into court, beyond the above-quoted allegation of the answer. This contention of defendants' counsel is not well founded, for at the opening of the case defendants' counsel specifically called the court's attention to the fact that the tender had been made and the money deposited in court, and the court stated, in reply to this statement of counsel: "We have all that before us." Furthermore, we find an indorsement on the summons, which indorsement is signed by the justice, and reads as follows:

"Judgment for the plaintiff for $66.25, damages. Amount of judgment to be deducted from amount in court, and balance paid to defendants."

Section 20 of the Municipal Court act (Laws 1902, p. 1496, c. 580) provides that:

"The provisions of the Code of Civil Procedure and rules and regulations of the Supreme Court, as they may be from time to time, shall apply to the Municipal Court as far as the same can be made applicable, and are not in conflict with the provisions of this act; but in case of such conflict this act shall govern."

There is no provision of the Municipal Court act that conflicts with sections 731, 732, and 733, Code Civ. Proc., permitting and regulating tenders of the kind in suit. It is a well-settled rule that, under the provisions of the Code in reference to tender, such a tender by the defendant, in an action upon contract, of a sum less than the amount claimed, and payment thereof into court, is a conclusive admission of the indebtedness to the extent of the tender, regardless of the final re-

sult of the action, and vests the title thereto in the plaintiff, although he does not accept it and makes no effort to secure the money; and not only does the defendant lose all right to it, but the court itself has no power to make an order or render a judgment in the same action which effects a retransfer of the title. Mann v. Sprout, 185 N. Y. 109, 77 N. E. 1018, 5 L. R. A. (N. S.) 561. The plaintiff, in proceeding after a tender and deposit, simply runs the risk of paying defendant's costs, if the recovery falls short of the amount tendered, while the defendant takes the risk of losing the amount tendered, in the event of his succeeding in the action. Taylor v. El. Ry. Co., 119 N. Y. 561, 23 N. E. 1106. The fact, however, that defendant has made a tender into court, thereby admitting the contract or duty and the right of plaintiff thereon to the sum tendered, does not prevent defendant from opposing any claim by plaintiff, beyond the sum tendered, upon any ground consistent with an admission of the original contract or cause of action. Wilson v. Doran, 110 N. Y. 101, 17 N. E. 688.

In the case at bar the court below had the right, and it was its duty, to give judgment in such a sum as, under the proofs, plaintiff was entitled to receive; but the fact that the court found the rightful indebtedness to be only $66.25 does not in any way deprive plaintiff of his right to the deposit of $140.53. Over this sum the court had no power, as we have said, and, should the clerk refuse to pay it to plaintiff, the latter has his remedy to compel such payment. So far as the merits of the case are concerned, there appear to be about 15 items upon which plaintiff claims commissions under the contract above quoted, and, as the court does not intimate which of the items it allowed and which it disallowed, it is impossible to determine whether or not the court fell into error in arriving at the sum of $66.25 as the amount of commissions due to plaintiff. In the interests of justice a new trial should be granted.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.