## WILSON v. WILSON.

(Supreme Court, Trial Term, Wyoming County.  September, 1911.)

1. PLEADING (§ 409*)—ANSWER—WAIVER OF DEFECTS.
   A plaintiff who retained an answer containing a general denial and allegations of tender, and, on the trial, objected to the allegations of tender because not setting forth facts sufficient to constitute a defense, when defendant sought to secure affirmative relief, did not waive the irregularities in the allegations, though irregularities are waived by the receipt and retention of an answer containing the sole defense of tender, as the defense of general denial made it a good answer.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1375–1383; Dec. Dig. § 409.*]

2. COSTS (§ 42*)—INTEREST (§ 50*)—EFFECT OF VALID TENDER.
   A tender stops interest and prevents costs, but, to be effectual, it must be kept good by the debtor, and, when he seeks to make it the basis of affirmative relief, it must be paid into court where the creditor may get it, and that fact must be alleged in the answer.

   [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 137–164; Dec. Dig. § 42;* Interest, Cent. Dig. § 114; Dec. Dig. § 50.*]

Action by Kirk Wilson against Orsamus T. Wilson.  Motion by defendant to correct an order directing a verdict for plaintiff on the trial.  Denied.

A. J. & J. Knight, for the motion.
Kellogg & Branch, opposed.

BROWN, J.  It conclusively appeared at the close of the evidence that the defendant was indebted unto the plaintiff in the sum of $50 and interest from the 17th day of May, 1911.  The evidence on the part of the defendant consisted solely of facts tending to prove that on the 20th day of June, 1911, before the commencement of this action, the defendant tendered to the plaintiff the sum of $50, which was refused; that the defendant retained the money tendered in his possession until the 21st day of September, 1911, on which date he handed $50 to his attorney; that on the 22d day of September, 1911, the attorney for the defendant brought the $50 into the courtroom, handed it to the clerk of the court, served upon the attorney for the plaintiff a notice of such payment into court, and moved the case for trial.  A jury was immediately impaneled and the trial proceeded.  When the defendant sought to prove the tender, the evidence was promptly objected to by the plaintiff's attorney, upon the ground that the plea of tender in the answer was insufficient, in that it contained no allegation that the money alleged to have been tendered before suit was brought had been paid into court.  The complaint set forth facts showing defendant's indebtedness to be upwards of $200.  The defendant's answer contained two defenses:  First, a denial of the alleged facts set forth in the complaint; and, second, setting forth other facts than as alleged in the complaint showing an indebtedness to the plaintiff of $50, and alleging a tender prior to the commencement of the action of $50

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in payment of such indebtedness, the refusal of the plaintiff to accept the same, and that:

"At all times since the making of said tender as aforesaid the defendant has kept and held said sum so tendered ready to be paid the plaintiff, and the defendant now brings said sum of $50 into this court, ready to pay the plaintiff if he be ready to accept the same."

[1] It is the contention of the defendant that the plaintiff, having accepted and retained the answer containing such a plea of tender, and having gone to trial without testing the sufficiency of such answer of tender by appropriate motion, or by returning the same as insufficient, waived the irregularity of defendant's practice in failing to pay the money into court at the time of interposing the pleading and alleging such payment into court in such answer, and that plaintiff, having gone to trial upon the issue of tender as thus presented, is unable to raise the question presented by his objection to the evidence of tender.

It has often been decided that a sole defense of tender before suit brought is irregularly pleaded unless it alleges payment into court and notice thereof to the plaintiff, that such irregularity is waived by the receipt and retention of such an answer, and going to trial upon the issue thus presented without objection. Knight v. Beach, 7 Abb. Prac. (N. S.) 246; Smith v. Slosson, 89 Hun, 568, 35 N. Y. Supp. 547; Sheriden v. Smith, 2 Hill, 538; Wilson v. Doran, 110 N. Y. 106, 17 N. E. 68; Platner v. Lehman, 26 Hun, 374. It is plain that defendant's answer could not have been returned because the answer of tender was insufficiently pleaded, for the reason that the defense of general denial made it a good answer or pleading. Plaintiff did not go to trial upon the issue of tender without objection. He did object at the very first opportunity. He had the right to avail himself upon the trial of the objections that the answer of tender did not state facts sufficient to constitute a valid defense. The plaintiff was not bound to raise the objection that the answer of tender was insufficiently pleaded prior to the time the defendant sought to secure some affirmative relief by proof upon the trial.

[2] The effect of a tender is to stop interest and prevent costs, and, to be effectual for such purpose, must be kept good by the debtor, and, whenever he seeks to make it the basis of affirmative relief, it must be paid into court where the creditor can get it, and that fact alleged in the answer. It thus becomes the creditor's money, and the debtor cannot dispute his right to it. Halpin v. Phœnix Ins. Co., 118 N. Y. 178, 23 N. E. 482; Becker v. Boon, 61 N. Y. 322; Gray v. Green, 9 Hun, 339; Heywood Boot Co. v. Ralph, 82 Hun, 419, 31 N. Y. Supp. 263.

Defendant's motion must be denied, and plaintiff must have judgment on the verdict of $50 and interest from May 17, 1911, to September 22, 1911, $51, as directed, together with costs.