JACOB LEVINSKY and Another, Respondents, *v.* SETH S. THOMPSON, Appellant.

Supreme Court, Appellate Term, Second Department, January 26, 1925.

**Summary proceedings to disposses — upon entry of final order rent deposited in court by tenant operates as payment — no basis for subsequent summary proceeding in so far as it covers same period.**

Upon the entry of a final order in summary proceedings to dispossess for the non-payment of rent, the amount of the rent deposited in court by the tenant as security to await the result of the trial becomes at once available and operates as payment.

Accordingly, in a subsequent summary proceeding to dispossess for the non-payment of rent including the same period mentioned in the prior proceeding, it was error for the court to direct a verdict for the landlords, since there is no basis for the proceeding in so far as the period mentioned in the first proceeding is concerned, and the evidence presented a question of fact as to whether the tenant tendered the rent for the balance of the period mentioned, which should have been submitted to the jury.

APPEAL from a final order of the Municipal Court, Borough of Brooklyn, Sixth District.

*Charles S. Aronstam,* for the appellant.

*Morris S. Hirsch,* for the respondents.

PER CURIAM:

Final order unanimously reversed upon the law and new trial granted, with thirty dollars costs to appellant to abide the event.

The final order in favor of the landlords in the prior proceeding based on the non-payment of rent for the months of April and May is *res adjudicata* of the fact that the tenant was in default in the payment of some rent. (*Sea Gate Hotel Company* v. *Nahmmacher,* 112 Misc. 100.) The facts established, however, that this rent was thereafter paid. The amount of the rent for those two months had been deposited in court by the tenant as security, to await the result of the trial, and upon the making of that final order it became at once available and operated as a payment of the rent then in dispute. The situation was then the same as though the money had been deposited by the tenant after the final order had been entered. (Civ. Prac. Act, § 1435.) It is immaterial whether the landlords took out the money or allowed it to remain in court. The tenant could not get it back. Upon the entry of the final order it belonged to the landlords. (See *Heller* v. *Katz,* 62 Misc. 266, 268.) The acceptance of rent, although paid after it is due,

deprives the landlord of the right to exercise his election to terminate the lease because of the non-payment of the rent on the due date. A landlord cannot have both his rent and the right to terminate the lease because it was not promptly paid. (*Paddell v. Janes*, 84 Misc. 212, 232, 233, and cases cited.) The trial court, therefore, erred in directing a verdict for the landlords. There was no basis for this proceeding so far as the April and May rent was concerned. As to the June rent, the record presented a question of fact as to whether the tenant had tendered it. This should have been submitted to the jury as the tenant's counsel requested.

Present: CROPSEY, LAZANSKY and MACCRATE, JJ.