## COZINE vs. GRAHAM and BLEEKER.

In a suit for a specific performance of a contract in relation to land, if the bill states that an agreement was made, on demurrer to the bill the contract will be presumed to have been reduced to writing and signed be the parties, or their agents, unless the contrary appears.

If the objection that the contract was not in writing does not appear upon the face of the bill, the defendant must either plead that fact in bar, or insist upon it by way of defence in his answer.

Where the defendant in his answer admits the agreement, and does not afterwards insist upon the statute of frauds as a bar, he cannot make the objection; and no proof of the agreement will be necessary.

If the agreement appears in the bill to be a parol agreement, and no facts are alleged to take the case out of the statute, the defendant may demur to the bill.

1830.

Cozine
v.
Graham.

1830.

Cozine
v.
Graham.

April 20th.

A plea will be overruled if it does not set forth any new matter, although the objection raised by it would have been valid if it had been urged by way of demurrer to the bill.

THE complainant was the owner of about 16 acres of land in the city of New-York. He employed the defendant Bleeker to sell the same at auction. The land was sold by the acre. By the terms of the sale, ten per cent. was to be paid immediately, ten per cent. upon the delivery of the deed, and the residue, with interest, was to be secured by bond and a mortgage upon the premises. The defendant Graham became the purchaser, and paid to the auctioneer ten per cent. towards the purchase money. It being ascertained that one of the avenues of the city covered a small part of the premises, it was agreed between the parties that such part should be deducted; and Graham agreed to pay for the residue agreeable to the terms of sale. Graham afterwards refused to carry the contract into effect, and the auctioneer declined paying over the money to the complainant without his consent. The bill prayed for a specific performance of the contract, and that the auctioneer might be decreed to pay over the sum of $1000 which he had received towards the purchase money, and for general relief. Graham demurred to the whole bill upon the ground that it was not distinctly alleged therein that the contract for the purchase was in writing, and signed by the defendant or by his legally authorized agents.

*P. A. Cowdry*, for the complainant.

*W. T. M'Coun*, for the defendant Graham.

THE CHANCELLOR. The objection raised by the demurrer in this case is as to a matter of form and not of substance. A contract for the sale of lands is alleged to have been made between the parties, of which the complainant claims a specific performance; but it does not distinctly appear by the bill whether it was or was not reduced to writing and signed in such manner as is required by the statute of frauds. The estate was sold at auction, and if the auction-

1830.

Cozine
v.
Graham.

eer did his duty by entering on the conditions of sale the name of the purchaser and the amount of his bid in the usual manner, it was a valid agreement, within the statute which was in force at the time this sale was made. It was so held by this court in *McComb* v. *Wright.* (4 John. Ch. R. 659 ;) and such is now the settled law in England. The defendant's counsel contends, that the complainant must distinctly allege in his bill that the contract was reduced to writing, and was signed by the defendant or his agent legally authorized ; and that if he does not, the omission may be taken advantage of by demurrer. On the other side it is insisted that the defendant cannot demur, unless it appears upon the face of the bill that the contract was not in writing ; but that in such case he must either plead the statute or answer the bill. This question has been much discussed in the English court of chancery, and many conflicting opinions have been entertained on the subject there. The first case which I have been able to find is *Ash* v. *Abdy*, (3 Swanst. 664,) which arose in 1678, soon after the passing of the statute. A bill was filed for the specific performance of a parol agreement made previous to the passing of the act. The defendant, supposing the statute to be retrospective in its operation, demurred to the bill. Lord Nottingham thought otherwise, and overruled the demurrer. No question appears to have been raised as to the propriety of bringing the subject before the court by demurrer ; and from the report of the case I presume the facts all appeared on the face of the bill. The case of *Child* v. *Godolphin*, (1 Dick. 39, 2 Bro. Ch. C. 566,) came before Lord Macclesfield, 1723, on a plea, which was overruled and was ordered to stand for an answer. In that case he is reported to have said, that if the bill had stated the agreement generally, a demurrer might have been allowed ; but that if the agreement was stated to be in writing, that the plea must be supported by an answer denying any agreement. The practice appears, however, to have been otherwise, at least for the next fifty years. In *Howard* v. *Okeover*, before Lord Bathurst in 1778, (3 Swanst. 421, n.) a demurrer was put into a bill for a specific performance. The solicitor general, who argued

1830.

Cozine
v.
Graham.

the case for the defendant, admitted that a defence, by way of demurrer, to a bill of that kind was new, and that the statute of frauds was usually insisted on by way of plea. He contended, however, that it appeared by the bill that neither the defendant nor any person authorized by him had signed any agreement in writing; and that in such a case, what would be good by way of plea, might also be urged on demurrer. The court overruled the demurrer on other grounds; and that question was therefore left undecided. In *Whitbread* v. *Brockhurst*, (1 Bro. Ch. C. 404,) which came before the court six years after, a plea of the statute was overruled for duplicity. And Lord Thurlow intimated an opinion that the defendant might have demurred. The only agreement set up in that case, was alleged in the bill to be in writing, and part performance was also stated. Probably the intimation was right in that case, as all the objections appeared on the face of the bill. If the written agreement, set out in the bill, and the alleged acts of part performance, did not take the case out of the statute, there was nothing new to be brought before the court by a plea. In such a case a demurrer appears to be a proper mode of defence. *Whitchurch* v. *Bevis*, (2 Bro. C. C. 559,) came before Lord Thurlow two years afterwards on a plea, and he then again expressed the same opinion. The plea was overruled and ordered to stand for an answer. But in 1789, he reversed that decision, on a rehearing, and the plea was allowed. This last decision seems to be inconsistent with the idea that a demurrer was the proper mode of taking advantage of the statute in that case. For the proper office of a plea is to bring forward fresh matter not apparent on the face of the bill, and which, if true, is a bar to the complainant's action. And a plea which sets forth nothing except what appears on the face of the bill, is bad, and must be disallowed, although the defendant might have availed himself of the objection by demurrer. (*Billing* v. *Flight* 1 Mad. R. 230. *Cowen* v. *Price*, 1 Bibb. R. 175.) In *Redding* v. *Wilkes*, in 1791, (3 Bro. C. C. 400,) Lord Thurlow allowed a demurrer to a bill for a specific performance, although the objection was made that the defence should have been by plea. In that case, however, I think it is evident

from the report, that the promise stated in the bill was not in writing. The question does not appear to be yet settled in England ; for as late as 1824, where the bill stated an agreement in writing, but did not allege that it was signed by the defendant, or by any one authorized by him, a demurrer to the bill was overruled. The counsel for the complainants in that case insisted that it was not necessary to allege in the bill that it was signed, or even that it was reduced to writing. The vice chancellor said if it was not signed it would not be an agreement, and he would therefore presume it was signed, until the contrary was shown.

The rule of pleading on this subject is well settled in the courts of law, and I do not see why the principle of that rule is not equally applicable to this court. It is there held that the statute did not alter the form of pleading ; that if an agreement or contract is stated in the declaration to have been made, it is not necessary to allege that it was in writing, as that will be presumed until the contrary appears. If the agreement is denied, the plaintiff must produce legal evidence of its existence, which can only be done by producing a written agreement duly executed according to the provisions of the statute. If the agreement is admitted by the pleadings, no evidence to prove its existence is necessary, and the court never enquires whether it was or was not in writing. Even there I presume the defendant might demur, if it distinctly appeared by the declaration that the agreement or promise was one which was not only legally binding on him. There was formerly some difficulty on this subject in chancery, on account of the idea which prevailed that the court was bound to carry into effect a parol agreement admitted by the answer, although the defendant at the same time insisted that it was not legally binding, as being within the statute. It now appears to be well settled that the defendant may admit the existence of the parol agreement, but insist upon the statute in his answer as a bar to any relief founded thereon, unless there has been such a part performance as to take the case out of the operation of the statute. (Willes on Pleading, 562, note.) If the agreement, as stated in the bill, appears to be a parol agreement only, and no sufficient grounds are alleged to take

1830.

Cozine
v.
Graham.

the case out of the statute, the defendant may by demurrer object to any relief founded thereon. But if it is stated generally that an agreement or contract was made, the court will presume it was a legal contract until the contrary appears; and the defendant must either plead the fact that it was not in writing, or insist upon that defence in his answer. He may then require the production of legal evidence to prove the existence of the contract. If he admits the agreement in his answer, and does not insist upon the statute, no evidence of the agreement will be necessary, and the decree will be made upon that admission. (*Talbot* v. *Bowen,* 1 Marsh. Kent. R. 437.)

This view of the case being conclusive against the demurrer, it is not necessary to examine the other question raised on the argument. The demurrer must be overruled with costs; and the defendant Graham must pay those costs and answer the complainant's bill within twenty days after service of notice of the order overruling the demurrer, or the bill may be taken as confessed as against him.