THEODORE TARLETON, plaintiff in error, *v.* ROGER VIETES, defendant in error.

*Error to Fulton.*

In Equity, a defendant may in his answer rely on any matter which shows that the complainant is not entitled to the relief he claims by his bill. If the defendant succeeds in establishing such a defence, there must be a denial of the relief sought, and a dismissal of the bill. He is not, however, permitted to go further than to defeat the complainant. He can use his answer for the purpose of defence, but not for the purpose of obtaining relief on his part. If he claims affirmative relief, he must seek it by way of an original or cross bill.

An answer to a bill to foreclose a mortgage disclosed an agreement between the parties, whereby the defendant was to convey a portion of the mortgaged premises in fee to the complainant, in discharge of the notes and mortgage specified in the bill; that, in pursuance of such agreement, the defendant tendered a deed to the complainant, who refused to receive it, and the defendant brought the same into Court, and insisted upon a specific performance of the contract: *Held,* that the defendant, by thus keeping his tender good, and manifesting a readiness to carry the agreement into full effect on his part, entitled himself to an execution of the contract on the part of the complainant.

It is a settled principle in Equity, that a party, to avail himself of the benefit of the Statute of Frauds, must specially insist on it; if he fail to do so, he will be considered as having waived the advantage to be derived from its provisions.

A defendant in a bill in chancery, in order to avail himself of the benefit of the Statute of Frauds, must set it up by plea, or insist on it in his answer. A complainant may do it by amending his bill, where the matter is first introduced in the answer.

A complainant formerly, when special replications in Chancery were allowable, might avail himself of the benefit of the Statute of Frauds in his replication, where the matter was first introduced by the answer; but special replications are now superseded by the general replication, which merely puts in issue the truth of the answer, and the latter would be a waiver of the benefit. Amendments of the bill, therefore, have been substituted in the place of such special replications, and a complainant may now do in an amendment to his bill, what he formerly could by a special replication.

BILL IN CHANCERY to foreclose a mortgage, &c., in the Fulton Circuit Court, brought by the defendant in error against the plaintiff in error. At the March term 1844, the Hon. Jesse B. Thomas presiding, the defendant below filed his answer, to which exceptions were filed, and the same were submitted to the Master, whose report sustained the exceptions. On motion, leave was given to file an amended answer and a cross

Tarleton *v.* Vietes.

bill. At the August term, no amended answer having been filed, a decree *pro confesso* was entered, and a further decree against the defendant for $258·87. The defendant thereupon prosecuted a writ of error in this Court.

*J. T. Stuart & B. S. Edwards,* for the plaintiff in error.

I. The answer never was adjudged insufficient; therefore no decree *pro confesso* could be entered against defendant. R. L., 122, § 11; Gale's Stat., 142, § 11.

II. The exceptions to the answer were not well taken. *Ballance* v. *Underhill,* 3 Scam., 461; *Thornton* v. *Heirs of Henry,* 2 do., 221; *Edwards* v. *Helm,* 4 do., 142; Cooper's Eq. Pl., 86, 87; Story's do., 314 and 394; *Fife* v. *Clayton,* 13 Vesey, 546.

III. An appeal may be prosecuted from *such* an interlocutory decree as this. An appeal lies from any decree that establishes any principle which will finally affect the merits of the case, or deprives the party of any benefit he may have at the final hearing, or whereby he is aggrieved. 3 Barb. & Har. Dig. 183, § 1; 184, § 7; 185, § 15; 187, § 40; *Beach* v. *Fulton Bank,* 2 Wend. 225; *Buel* v. *Street,* 9 Johns. 443; *Dey* v. *Walton,* 2 Hill's (N. Y.) R., 403.

*L. W. Ross,* and *J. Lamborn,* for the defendant in error.

The Opinion of the Court was delivered by

TREAT, J.* Vietes filed a bill in Chancery to foreclose a mortgage, executed by Tarleton to secure the payment of three promissory notes.

Tarleton answered, admitting the statements of the bill, but alleging in substance, that after the execution of the notes and mortgage, an agreement was made between the complainant and the defendant, whereby the defendant was to convey in fee to the complainant, a part of the mortgaged premises, and the complainant was thereupon to discharge the notes,

---

THOMAS, J. having tried the cause in the Court below, did not hear the argument and gave no opinion.

and cancel the mortgage; that in pursuance of the terms of this agreement, the defendant made out and tendered a deed to the complainant, who refused to receive it; whereby, the defendant alleges that the notes were paid, and prays that they may be given up, and the mortgage cancelled. The deed is copied into the answer, and referred to as an exhibit in the cause. It appears to be executed by Tarleton and his wife, and is regularly acknowledged.

The complainant excepted to the answer, because it introduced new facts, which were the proper subject matter of a cross bill. The exception was referred to the Master, who reported, that the same was valid and ought to be allowed; whereupon an order was made, allowing the defendant until the first day of the next term, to amend his answer, and file a cross bill.

At the next term, the bill was taken for confessed, and a decree made, requiring the defendant to pay to the complainant, on or before the first day of the succeeding term, the sum of $258·87, the amount found due on the notes and mortgage. From that decree, Tarleton prosecutes a writ of error.

The only question raised by the assignment of errors is, as to the sufficiency of the answer.

In Equity, a defendant may, in his answer, rely on any matter, which shows that the complainant is not entitled to the relief he claims by his bill. If the defendant succeeds in establishing such a defence, there must be a denial of the relief sought, and a dismissal of the bill. He is not, however, permitted to go further than to defeat the complainant. He can use his answer for the purpose of defence, but not for the purpose of obtaining relief on his part. If he claims affirmative relief, he must seek it by way of an original or cross bill. *Ballance* v. *Underhill*, 3 Scam. 453. So much of the answer, therefore, as asks for the surrender of the notes and the cancellation of the mortgage is irrelevant, and must be disregarded. This part of the answer would be the proper subject matter of a cross bill.

The residue of the answer is not obnoxious to the exception taken to it. Admitting its allegations to be true, the

complainant is not entitled to a foreclosure of the mortgage. By the terms of the agreement disclosed in the answer, the notes and mortgage were to be fully satisfied, by the conveyance in fee to the complainant of a portion of the premises embraced in the mortgage. The answer shows a performance of this agreement on the part of the defendant, as far as it was in his power to perform. He executed the deed and tendered it to the complainant, and on his refusal to accept it, he brings it into Court, and insists on the specific performance of the agreement. He has thus kept the tender good, and manifested a readiness to carry the agreement into full effect. If his defence is sustained, the deed can be withdrawn from the files, and handed over to the complainant. The defendant has done all that he can do to complete the execution of the contract. He has been prevented from consummating it by the wrongful act of the complainant. Under such circumstances, the complainant should be required to adhere to the contract, and perform its conditions on his part. This can in effect be done in this case, by denying him any relief and by dismissing his bill. We are of the opinion that the Circuit Court erred in adjudging the answer to be insufficient.

It is suggested, however, that the agreement set up in the answer is void by the Statute of Frauds. It does not appear whether the contract was in writing, or by parol. Whether obnoxious to the statute or not, we are not now called on to decide. It is a settled principle in Equity, that a party, to avail himself of the benefit of the Statutes of Frauds, must specially insist on it. If he fails thus to rely on it, he will be deemed to have waived and renounced the advantage to be derived from its provisions. *Thornton* v. *Henry*, 2 Scam. 218; *Dyer* v. *Martin*, 4 do. 146; Story's Eq. Pl. 590; Cooper's Eq. Pl. 256; *Cozine* v. *Graham*, 2 Paige, 177. The defendant, in order to avail himself of the benefit of the statute, must set it up by plea, or insist on it in his answer. The only difficulty is in determining how the complainant may take advantage of the statute, by applying it to a transaction first introduced into the case by the answer. The better opinion is, that he should do it by amending his bill. For-

merly when special replication was allowable, he could insist on the statute in his replication. That form of replication is now disused, and superseded by the general replication, which merely puts in issue the truth of the answer. A general replication would, therefore, have the effect of waiving the benefit of the statute. Amendments of the bill have been substituted in the place of special replications. What the complainant could formerly insist on in a special replication, he may now do in an amendment to his bill. He may amend the charging part of his bill by anticipating the defence, and allege new matter in avoidance of it. He can, in this way, answer or explain any new matter disclosed by the answer. If the circumstances of the case are changed by the answer, the amendment of the bill becomes necessary, in order to shape the case accordingly. Story's Eq. Pl. 521, 675, 679; Cooper's Eq. Pl. 330 to 332.

The decree of the Circuit Court is reversed, with costs, and the cause remanded for further proceedings consistent with this Opinion.

SCATES, J. delivered the following dissenting opinion:

I am of opinion that the answer was insufficient for not tendering the deed, and accompanying the answer by the deed. It only refers to the deed to its character, and whether it was a proper deed according to the terms of the parol contract set up in bar. That contract would be a sufficient ground to refuse any relief to the complainant, if the party had kept good his offer to perform, by bringing the deed into Court with his answer, and renewing his tender of the deed, so as to take the case out of the Statute of Frauds, by putting such a writing into the power of the opposite party, as would bind the party agreeing to convey land. The contract was sufficiently reduced to writing and signed by the party, to take the case out of the statute, provided that contract had been so delivered as to put the contract into the power, and under the control of the other party, that he might enforce its provisions. The first tender was well made, but not accepted. The answer should, therefore, renew the tender

and keep it good. There is no tender made in the answer, and for want of it, I think the answer insufficient, and that the judgment should, therefore, be affirmed. *

*Decree reversed.*

* At, or about the time of the argument in the foregoing case, the Court announced the adoption of a rule, the substance of which was, that the Judge who tried the cause in the Court below, would not take any part in its decision in this Court. In those cases, therefore, which were subsequently argued, no note will be made of that fact.