Theresa Wells, as Treasurer of Excelsior Assembly /&9-&^∴
No. 4120 of the Knights of Labor, Respondent, *v.*
Edward H. Monihan et al., Appellants.

The defense of the Statute of Frauds cannot be made available in an action unless pleaded as a defense or presented by the averments of the complaint.

The revocation of the charter of a local assembly of the Knights of Labor does not destroy the property rights of the association as between itself and its debtors, nor does it destroy the right of the association or its officers to represent it or vest its property in any superior officer or body.

Where, therefore, in an action brought by the treasurer of such an assembly upon a promissory note given to it, *held,* the fact that the charter of the assembly had been revoked was not a defense.

(Argued October 23, 1891; decided December 1, 1891.)

Appeal from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made November 25, 1890, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

This action was brought by plaintiff, as treasurer of the Local Assembly No. 4120 of the Knights of Labor, which was alleged to be an incorporated association, to recover upon the following instrument:

"Amsterdam, N. Y., *Nov.* 26, 1886.

"I, undersigned, promise to pay, 6 months after date, the sum of $500, which was received by the Local Executive 'Board, K. of L., from Excelsior Assembly 4120, K. of L., to Excelsior A. 4120, or their treasurer.

"E. H. MONIHAN.
"JOHN STACK."

Said assembly was an unincorporated association formed in pursuance of what is called a warrant and charter, issued by the General Assembly of the Knights of Labor. It was shown that on May 26, 1887, a circular letter was issued by the general executive board stating that they had revoked this charter.

Further facts appear in the opinion.

*Edward J. Meegan* for appellants. The paper upon which this action was brought is void by the Statute of Frauds, it being by its terms to answer for the debt, default or miscarriage of another, no consideration being expressed in the instrument itself. (4 R. S. [8th ed.] 2590, § 2; *Castle* v. *Beardsley*, 10 Hun, 343; *Drake* v. *Seaman*, 96 N. Y. 230; *Barney* v. *Forbes,* 118 id. 580; *Chaffee* v. *Thomas*, 7 Cow. 358; *Parker* v. *Bradley*, 2 Hill, 584; *Considerant* v. *Brisbee*, 14 How. Pr. 487; *Draper* v. *Snow*, 20 N. Y. 331; *Knox* v. *Nutt*, 1 Daly, 213; *Clark* v. *Hampton*, 1 Hun, 612; *Brewster* v. *Silence*, 8 N. Y. 207; *Hill* v. *Blake*, 97 id. 216; *Bristol* v. *Warner*, 19 Conn. 7; *Jeffries* v. *Hager*, 18 Mo. 272.) The referee erred in holding, as matter of law that the plaintiff was the real party in interest and could maintain this action as treasurer of Local Assembly No. 4120 of the Knights of Labor. (Code Civ. Pro. § 1910; *Schmidt* v. *Gunther*, 5 Daly, 452; *Belton* v. *Hatch*, 109 N. Y. 598; *Hyde* v. *Woods*, 94 U. S. 523.) Local Assembly No. 4120, or the plaintiff, might have brought an appeal to the general assembly but did not, and expressly waived the right to do so. Remedies provided for in the constitution should first be exhausted before resorting to courts of law. (*Lafond* v. *Deems*, 81 N. Y. 514; *Chamberlain* v. *Lincoln*, 129 Mass. 70; *Fisher* v. *Raab*, 57 How. Pr. 87.) The legal effect of the unreversed action of the general executive board was to deprive the plaintiff and her associates as Knights of Labor of the title to the note in suit. (*Austin* v. *Searing*, 16 N. Y. 112; *Watson* v. *Jones*, 13 Wall. 679; *Belton* v. *Hatch*, 109 N. Y. 593; *Grosvenor* v. *U., etc., Co.*, 118 Mass. 78; *Lloyd* v. *Loaring*, 8 Ves. 773; *Hyde* v. *Woods,* 2 Saw. 655; 94 U. S. Rep. 523; *Poultney* v. *Bachman*, 31 Hun, 49; *McKane* v. *Adams*, 51 id. 629; *White* v. *Brownell*, 2 Daly, 329; *People* v. *Young*, 65 Barb. 357; *Snow* v. *Wheeler*, 113 Mass. 179; *Thompson* v. *Adams*, 12 Phila. 484; *Ebbeighousen* v. *Worth Club*, 4 Abb. [N. C.] 301; *Robinson* v. *Yates City Lodge*, 86 Ill. 598; *Osceola Tribe* v. *Schmidt*, 57 Md. 98; *Karcher* v. *Supreme Lodge*, 127 Mass. 368; *Sperry's Appeal*, 116 Penn. St. 391; *State* v. *Williams*, 75

Statement of case.

N. C. 134; *Chamberlain* v. *Lincoln*, 129 Mass. 70; *Altman* v. *Benz*, 27 N. J. Eq. 331; *Hall* v. *Supreme Lodge*, 24 Fed. Rep. 450; *Watson* v. *Jones*, 13 Wall. 734.) The referee erred in admitting testimony objected to by defendants, and in refusing to strike out testimony improperly admitted. (*Cutler* v. *Thomas*, 25 Vt. 73; Abb. Tr. Ev. 15; *Blake* v. *Newland*, 12 Wend. 173.)

*Charles S. Nisbet* for respondent. The action was properly brought by the plaintiff as treasurer of an unincorporated association consisting of seven or more persons, and the proof was sufficient to establish the existence of the association. (Code Civ. Pro. § 1919; *Ebbinghousen* v. *Worth Club*, 4 Abb. [N. C.] 300; *McCabe* v. *Goodfellow*, 39 N. Y. S. R. 941; *National Bank* v. *Vanderworker*, 74 N. Y. 234.) The provisions confiscating the property of the local assembly are void as against public policy and courts will not aid in enforcing them. (*Austin* v. *Searing*, 16 N. Y. 112; *N. Y. P. Assn.* v. *McGrath*, 23 N. Y. S. R. 209.) The contention of the defendants that the plaintiff ought to have appealed from the order of suspension to some superior body in the organization is not well taken. (*Lafond* v. *Deems*, 81 N. Y. 507; *Poultney* v. *Bachman*, 31 Hun, 49.) This contract is not within the Statute of Frauds. (2 Pars. on Cont. [6th ed.] 9; 3 id. 20, 217; *Wales* v. *Stout*, 115 N. Y. 640; *Brown* v. *Weber*, 38 id. 187; *Prime* v. *Keohler*, 77 id. 91; *White* v. *Rintoul*, 108 id. 223; *Smart* v. *Smart*, 97 id. 559; *Ackley* v. *Parmenter*, 31 Hun, 476; 98 N. Y. 425; *Barney* v. *Forbes*, 118 id. 580; *Mallory* v. *Gillett*, 21 id. 412; *Church* v. *Brown*, Id. 315.) The defendants in their answer admit the making of the note, and do not plead the Statute of Frauds. Under such circumstances they are deemed to have renounced the benefit of the statute. (*Duffy* v. *O'Donovan*, 46 N. Y. 226; *Lewin* v. *Stewart*, 10 How. Pr. 512; Moak's Van Santvoord's Pleadings, 505, 555; *Porter* v. *Wormser*, 94 N. Y. 450.)

Finch, J.   So far as the defense in this case rests upon the Statute of Frauds it must fail for two reasons.   No such defense has been pleaded, and it is not raised by the averments of the complaint, and without one or the other of these conditions, the defense, if existing, cannot be made available. (*Porter* v. *Wormser*, 94 N. Y. 450.)   And then there is the further difficulty that the referee has found as a fact that the consideration of the note was advanced to the defendants, and refused to find that the loan was made to the local executive board.   The evidence was contradictory, but clearly sufficient to justify the finding; and so we must hold the defendants' promise to have been original, since there was no primary debt established to which it could have been collateral.

The effect of the revocation of the charter by the superior authorities of the "Knights of Labor" was not to destroy the property rights of the association as between itself and its debtors, because these sprang from the law of the state and not from the rules and regulations of the order.   The latter are, therefore, not here in question.   It is not claimed that they operated in any manner to vest the property of a local assembly in any superior officer or body upon the revocation of a charter.   That claim was made in the answer and repeated upon the trial, but is disavowed here.   As a reply to the case of *Austin* v. *Searing* (16 N. Y. 112), which denied the power of confiscation in organizations like the present, the learned counsel for the defendants explicitly admits in his brief that "the general executive board did not assume to divest the title to the property of No. 4120," and speaking of its order issued by the general secretary adds : "This order did not claim to give a title to property to any one."   The only effect asserted is that the general secretary was entitled to become, not the owner, but the custodian of the property, "subject, of course, to the legal rights of the parties."   There is no question of custody in the case.   The note is in the possession of the association, and there is no party before the court entitled to dispute that custody, and it is conceded that nothing has occurred to transfer elsewhere the ownership of

the obligation. The whole defense of failure of title and of an outstanding and different ownership, therefore, disappears, and the only question left is the further contention that the revocation of the charter destroyed the association and the right of the plaintiff to represent it in this action.

Excelsior Assembly 4120 was composed of women. Their charter was revoked for "insubordination," of which very likely they were guilty. The offense and its punishment ended their powers and privileges so far, and so far only, as they were derived from the rules and regulations of the Knights of Labor, but could not destroy their rights as individuals or as an unincorporated association derived from the law of the state. Under that law they could, as they did, associate for a common purpose and choose officers in whose name they could sue. These powers they had when their charter from the Knights was given, and retained when it was taken away. That event broke off their relations with the order but not with their own treasury. That treasury they could control in their collective capacity until some superior power took it away, or it disappeared in a final distribution among the members. The defendants have nothing to do with that question. They owe their debt to the association of whom they borrowed the money and which through its treasurer seeks to recover it.

It may be true that by their "insubordination" and consequent expulsion from the society and protection of the "Knights" the members of the association have no longer the common purpose which brought them together. That may prove to be a reason for dissolving the association, but until dissolved it can exist to collect its debts and pay its creditors and make distribution of its surplus. Even where the state destroys a corporation for violation of its charter it does not free the debtors from the payment of their honest debts. What shall be done with the money when restored, is sometimes a serious question, but it must first be collected. It does not belong to the debtors in any event and no rule of the "Knights" or law of the state allows them to confiscate it.

The defendants do not assert any conflicting claim to the money. If they did they would still be obliged to pay to the true owner, and could not escape liability. That true owner is the association which the "Knights" have not utterly destroyed. There has been a divorce, but that is quite different from a death.

We can see no good reason why the plaintiff should not recover, and the judgment should be affirmed with costs.

All concur.

Judgment affirmed.