POHL v. PONTIER et al.

(Superior Court of New York City, General Term.    January 3, 1893.)

STATUTE OF FRAUDS—PLEADING.
    Where the bar of the statute of frauds does not appear on the face of the complaint, the statute cannot be relied on in defense, unless pleaded.

Appeal from jury term.

Action by Augustus C. Pohl against Charles E. Pontier and others. Plaintiff had judgment, from which, and an order denying a new trial, defendants appeal.    Affirmed.

Argued before FREEDMAN, McADAM, and GILDERSLEEVE, JJ.

Edward Grosse, (Henry Wehle, of counsel,) for appellants.·
Blumenstiel & Hirsch, (A. Blumenstiel, of counsel,) for respondent.

GILDERSLEEVE, J.   This action is brought to recover damages for a breach of contract.   The complaint alleges that on the 13th day of January, 1890, the plaintiff and defendants entered into an agreement whereby the defendants employed plaintiff for one year from said date, at a weekly salary of $25 during said term, and the further sum of $300 at the expiration of the year; that he entered upon the discharge of his duties, and on the 5th day of May, 1890, was discharged by the defendants, without any just or reasonable cause.   The answer denies every allegation in the complaint, and, for a further and separate defense, avers that, induced by representations made by plaintiff as to his qualifications, the defendants, on or about the 13th day of January, 1890, entered into an agreement with plaintiff whereby they employed plaintiff from week to week, at a weekly salary of $25, and that on the 5th day of May, 1890, they discharged him, for the reason that he was incompetent, negligent, and unreliable.   The plaintiff's testimony supported the complaint; while the defendants' testimony sought to disprove the plaintiff's position, and to establish their own version of the contract.   The questions of fact were properly submitted to the jury by the learned trial judge, and the jury, by their verdict, found in favor of plaintiff's contention.   With this conclusion of the jury the general term will not interfere.

The learned counsel for appellants urges one ground for reversal which, he claims, arises from the refusal of the court below to charge, in behalf of defendants, the following request:

"If the contract was made on the 7th or 8th of January, as testified to by Mr. Pontier, the plaintiff cannot recover, even if it had been a contract for a year; that such a contract would be void under the statute of frauds."

The form of the request is somewhat misleading, as the defendant Charles E. Pontier did not testify that the contract was made on the 7th or 8th of January, but that—

"He [plaintiff] came again between the 7th and 13th of January, and we talked the matter over again,   *   *   *   and it was settled he was to come on the 13th of January."

The defendant, further testifying, goes on to say, however, that no conversation took place on the 13th of January with regard to the contract; that he (plaintiff) merely came in and said that he was ready to work, and that he (the defendant Charles E. Pontier) said, "All right." Neither the complaint nor the answer states whether the contract was oral or in writing, and the answer does not set up as a defense the statute of frauds.   We are of opinion that no prejudicial error was committed by the learned trial judge in refusing to charge as requested by defendants' counsel.   The general rule is that the defense of the statute of frauds must be pleaded, except where the complaint, on its face, discloses a case within the statute.   Porter v. Wormser, 94 N. Y. 431.   It does not appear on the face of the complaint that the agreement is one prohibited by the statute of frauds, and therefore such a defense cannot be made available, unless set up in the answer.   Hamer v. Sidway, 124 N. Y. 538, 27 N. E. Rep. 256.   No such defense is pleaded, and it is not raised by the averments of the complaint; and, without one or the other of these conditions, the defense, if existing, cannot be made available.

Wells v. Monihan, 129 N. Y. 161, 29 N. E. Rep. 232.   In such a case it is sufficient that plaintiff's testimony establishes a valid contract.   For the reasons above stated, the judgment and order appealed from must be affirmed, with costs.   All concur.