Dugald J. Bannatyne and Another, Respondents, *v.* The Florence Milling and Mining Company, Appellant.

*Statute of Frauds as a defense — when not available on appeal — loss of agency — measure of damages therefor — judge's charge.*

Where the defense that a contract, set up in the complaint, was void under the Statute of Frauds, was neither presented by the averments of the complaint, nor pleaded in the answer, it cannot be made available to the person against whom judgment was rendered, upon an appeal therefrom. (Van Brunt, P. J., dissenting.)

Damages which may be recovered for the loss of an agency must be reasonably certain and such only as actually follow or may follow from a breach of the contract. They are generally involved in some uncertainty ; usually they are to be worked out in the future and can be determined only approximately by reasonable conjectures and probable estimates.

An action was brought to recover damages alleged to have been sustained by reason of the refusal of an owner of property to fulfill such of his promises to the plaintiffs as constituted conditions precedent to their securing a purchaser therefor.

Upon the trial the plaintiffs, among other things, showed that if they had been permitted to continue their efforts, as agreed between them and the defendant, the sale of the property would probably have resulted therefrom.

The defendant requested the court to charge that "if the jury find that plaintiffs are entitled to damages for breach of contract, they can only take into consideration actual damages," and also that the jury must "not take into consideration possible profits or commissions which might have accrued, which are too remote and indefinite to be regarded." The court refused to so charge.

*Held,* that the court properly refused to so charge, as it should not have instructed the jury not to take into consideration, in fixing the damages, the matter of compensation to the plaintiffs for services rendered by them.

Appeal by the defendant, The Florence Milling and Mining Company, from a judgment of the Supreme Court in favor of the

plaintiffs, entered in the office of the clerk of the county of New York on the 21st day of April, 1893, upon the verdict of a jury rendered after a trial at the New York Circuit, and also from an order made at the New York Circuit on the 6th day of April, 1893, and entered in the said clerk's office denying the defendant's motion for a new trial made upon the minutes.

*T. McCants Stewart,* for the appellant.

*Henry T. Terry,* for the respondents.

PARKER, J.:

The case presented by this record is not the usual one of an agent who has earned an agreed commission by procuring a willing purchaser, but rather of one whose recovery is for damages sustained by reason of the refusal of the owner of property to fulfill such of his promises as constituted conditions precedent to the securing of a purchaser. The propositions of fact which the jury must necessarily have found in plaintiffs' favor in order to reach the verdict rendered are, briefly, that the defendant agreed to permit the plaintiffs to sell its mills and mining property, to allow them a reasonable time in which to make the sale, to do such acts and execute such papers as should be reasonably necessary for that purpose, to abstain from other negotiations in the meantime, upon the faith of which plaintiffs expended much time and money, but without result, because the defendant refused to execute the paper which was essential to the incorporation under the English law, a fact well known to the defendant when consent was given to the efforts which plaintiffs made to sell the property.

The appellant makes the point, among others, that such findings are contrary to the evidence and the weight of evidence, and, therefore, the judgment based thereon should be reversed. But its position is not well taken ; the evidence upon each proposition is abundantly sufficient to support the disposition made of it, not excepting the one which in effect declares that defendant and its agent, who owned all its stock, knew in advance of the substantial expenditure of money made by the plaintiffs for the purpose of promoting the formation of a corporation under the English law, to become the owner of this property ; and that one of the preliminary steps

required by that law would be the execution and filing of a written contract of sale.

The appellant now insists, as it did upon the trial, that the contract alleged in the complaint is void under the Statute of Frauds. As this defense is neither presented by the averments of the complaint, nor pleaded in the answer, it cannot now be made available to the defendant. (*Wells* v. *Monihan*, 129 N. Y. 161; *Crane* v. *Powell*, 139 id. 379.) If the pleadings presented the question fairly for consideration, we should feel constrained to hold that the statute is not applicable.

This action is not prosecuted by the plaintiffs on the theory that defendant made a valid contract with them for the sale of lands to such a purchaser as the plaintiffs might select, but rather that defendant made the plaintiffs its agent and persuaded them to undertake the task of selling property as to which prior and not unfrequent efforts had resulted fruitlessly.

That defendant had fixed the terms of the agency; understood fully the character of the work to be undertaken; appreciated the fact that it involved a substantial expenditure of money as well as skillful labor; and knew long before its refusal to do the act, essential to further progress in the scheme upon which they had embarked, that plaintiffs were acting in reliance upon its promises. And when it so acted as to terminate in effect the agency thus created the law enjoined upon it the legal duty of compensating the agents for the injury sustained.

This position of the plaintiffs is so well grounded in principle as to require neither discussion nor the citation of authority.

It is also insisted that the court erred in refusing to charge two requests made by defendant's counsel: *First.* "If the jury find that plaintiffs are entitled to damages for breach of contract they can only take into consideration actual damages." If that request be considered separately from the one which follows it, there would seem to be no justification for its refusal other than that the court had already charged the jury upon that subject, in language which must have met the approval of defendant's counsel, for no exceptions were taken to the charge as made in respect to the subject of damages.

Of course the plaintiffs were only entitled to recover compensa-

tion commensurate with their loss or injury, and the request standing alone seems to imply only that. But considered in connection with the request following, both of which are now treated as one request in the appellant's brief, we have an explanation of the meaning intended. The further request was that the court instruct the jury not to take into " consideration possible profits or commissions which might have accrued, which are too remote and indefinite to be regarded." It thus appears that the point of the request was that the jury should be instructed that, in determining the amount of damages which should be awarded to the plaintiffs, they should not take into account the loss of commissions. If such were the rule, it would in a case like this leave no room for the jury to make an award to plaintiffs except for damages sustained by reason of the expenditure of money, and would prevent them from having regard for the time taken and skill employed in endeavoring to bring about the result which was the desire of both parties.

The contract between these parties provided that plaintiffs should receive $50,000 if they succeeded in getting up an English company and selling the property to it for the price fixed upon by the defendant. It also appears that the necessary expenses of the plaintiffs in the undertaking would equal the sum of $5,000, and that they had actually paid out in one item the sum of $500, which payment was made necessary in the carrying out of the plan undertaken.

Evidence was also produced by the plaintiffs tending to show that had they been permitted they would have succeeded in getting up an English company to which the mines would have been sold.

The plaintiff Mackay was not without previous experience and success in similar transactions, and it was made to appear that he had interested influential people in the scheme, who had agreed to become directors in the new company, so that there was evidence from which the jury might have inferred that their undertaking would have proved successful, but for the defendant's conduct in refusing to take the necessary steps in that direction, and instead selling the mines to other parties. Such being the case it would seem to be within the rule as laid down in *Wakeman* v. *Wheeler & W. Manufacturing Company* (101 N. Y. 205), in which the court considered what might be taken into consideration in estimating the

damages for the loss of an agency. It said, "the damages must be reasonably certain and such only as actually follow or may follow from the breach of the contract. * * * They are nearly always involved in some uncertainty and contingency; usually they are to be worked out in the future, and they can be determined only approximately upon reasonable conjectures and probable estimates." With evidence tending to show, as we have already observed, that a sale would have probably resulted, had plaintiffs been permitted to continue their efforts along the lines agreed on between them and the defendant, the court could not have properly instructed the jury not to take into consideration, in fixing the damages, the matter of compensation to the plaintiffs for services rendered.

Such we deem to have been the purpose of the two requests, and their denial, therefore, does not call for a reversal.

The judgment should be affirmed, with costs.

FOLLETT, J., concurred.

VAN BRUNT, P. J.:

I concur in the result of Mr. Justice PARKER's opinion, only I think he is mistaken in his statement that it has ever been decided in any case where the result depended upon this issue that, where the existence of the contract is denied in a pleading, and want of compliance with the Statute of Frauds is the ground relied upon, such ground must be stated in the pleading, and because, if it has been so decided, such decision is contrary to all the authorities cited to support it.

Mr. Justice PARKER cites as his authority the statement of Judge FINCH, contained in the case of *Wells* v. *Monihan* (129 N. Y. 164), in which case the latter says: "So far as the defense in this case rests upon the Statute of Frauds, it must fail for two reasons. No such defense has been pleaded, and it is not raised by the averments of the complaint and without one or the other of these conditions, the defense, if existing, cannot be made available;" citing *Porter* v. *Wormser* (94 N. Y. 450). And then the learned judge proceeds to dispose of the validity of the contract upon other grounds.

Upon an examination of the case of *Porter* v. *Wormser et al.* (*supra*), cited by Judge FINCH, it does not seem to have held the proposition which it is cited to support. All that was decided in

that case on this subject was, that where a vendee brings an action to impeach the account of his vendor, on grounds which imply the existence of a formal contract of sale, he cannot question the validity of the contract under the Statute of Frauds.  Chief Judge Andrews, who wrote the opinion in that case, says: " The plaintiff having become an actor, and brought an action to impeach the account on grounds which implied the existence of a formal contract, is not in a position to question the validity of the contract under the statute;" citing *Cozine* v. *Graham* (2 Paige, 177; *Vaupell* v. *Woodward* (2 Sandf. Ch. 143), and 2 Story's Eq. Juris. § 755.  The above proposition is plainly supported by those cases as will be presently shown.  But the learned judge writing the opinion in the case under consideration went further and stated : " The general rule is that the defense of the Statute of Frauds must be pleaded, except where the complaint on its face discloses a case within the statute. It cannot be doubted that if the defendants had brought an action to recover a balance claimed to be due on the contract for the purchase of the bonds, without disclosing whether the contract was oral or written, the plaintiff would have been bound to plead the statute to avail himself of its protection."  This last proposition is not supported by the authorities cited.

It is true that the head note in *Vaupell* v. *Woodward* (*supra*) seems to support the dictum of Chief Judge Andrews, but an examination of the opinion shows upon what ground the decision proceeded.  The opinion upon this point is as follows: " The first objection to the complainant's claim is on the ground that the contract between the parties is not in writing subscribed by the defendant.  The bill alleges that the parties entered into a contract by which one agreed to sell to the other 200 shares of stock upon terms which are fully stated.  The answer admits the making of the contract as set forth in the bill.  On this state of the pleadings the court has nothing to do with the question whether the contract is in writing or by parol.  The chancellor's decision in *Cozine* v. *Graham* (2 Paige, 177) is conclusive, that where it does not appear by the bill that the contract is not in writing, the defendant admitting the contract must insist by plea or answer that it is not in writing, or he cannot raise that objection to its validity.  And in such case no proof of the agreement is necessary."

In other words, where the contract is admitted, and under the pleadings no proof thereof is necessary, if a defendant desires to impeach it he must allege his grounds. To the same effect is the case of *Cozine* v. *Graham* (*supra*). In this case the chancellor held that where a complaint alleged the existence of an agreement, without stating whether it was in writing or oral, the defense that the agreement was within the Statute of Frauds could not be raised by demurrer — that where the agreement is admitted it must be deemed to be valid unless the contrary is alleged and proven.

Neither of these cases support the proposition enunciated in *Porter* v. *Wormser* and *Wells* v. *Monihan* (*supra*), that "the general rule is that the defense of the Statute of Frauds must be pleaded, except where the complaint on its face discloses a case within the statute." Upon the contrary, the chancellor in *Cozine* v. *Graham* (*supra*) expressly states that "if the agreement is denied the plaintiff must produce legal evidence of its existence, which can only be done by producing a written agreement, duly executed according to the provisions of the statute. If the agreement is admitted by the pleadings, no evidence to prove its existence is necessary, and the court never inquires whether it was or was not in writing."

The rule, therefore, undoubtedly was, until the dicta of Chief Judge ANDREWS and Judge FINCH in the cases cited, that where the contract was denied in an answer the objection that the contract was within the Statute of Frauds, when the plaintiff attempted to prove his contract, was available to the defendant. Such a rule is entirely in harmony with our general rules of pleading, viz., that where an agreement is denied in an answer the plaintiff must support his allegation by legal proof of its truth, and this he cannot do in the case of a contract void under the Statute of Frauds unless in writing without proving a written contract. Every other agreement is void by the express provisions of the statute, and is, therefore, no contract; and proof of such an oral agreement furnishes no basis for an obligation.

The cases of *Hamer* v. *Sidway* (124 N. Y. 538) and *Crane* v. *Powell* (139 id. 379) may be cited, as also holding contrary to the above rule, but an examination of those cases will show that the cases cited to support the rule therein expressed either contain mere dicta upon the point or that the cases therein cited do not support the

rule contended for in them. In the case of *Hamer* v. *Sidway* (*supra*) the court, after holding that the case had been taken out of the statute, further stated that under the authority of *Porter* v. *Wormser* (94 N. Y. 431–450), the Statute of Frauds not having been pleaded, such a defense was not available. This was a dictum not necessary to the decision of the case and rested simply upon the case cited.

In the case of *Crane* v. *Powell* (139 N. Y. 379) it was held that where, in an action upon an agreement within the statute, defendant did not plead the statute and permitted the plaintiff to prove without objection a verbal agreement, a motion to dismiss the complaint on the ground that the agreement was within the statute and void, made at the close of the plaintiff's evidence, was properly denied upon the ground that the admission of incompetent evidence of the agreement without objection was a waiver of the statute, the same as an admission of the contract in an answer would be, and various cases are cited to support this proposition, none of which, however, support the contention of the learned judge writing the opinion except the dicta in the cases of *Porter* v. *Wormser*, *Hamer* v. *Sidway* and *Wells* v. *Monihan* (*supra*).

In the case of *Harris* v. *Knickerbacker* (5 Wend. 638), cited in *Crane* v. *Powell*, the rule laid down is precisely that which is here contended for. The court says: " It appears from the cases that it remained for a long time doubtful as to the manner in which a defendant could avail himself of this statute, and under what circumstances he was deemed to have renounced it. I apprehend that it is now settled that if the defendant admits the agreement and insists on the statute, he can protect himself from a decree for specific performance notwithstanding his admission, but if he admits the agreement but neither pleads the statute nor insists on it in his answer, he is deemed to have renounced the benefit of it. (6 Ves. 39.) If the bill states generally a contract which the law requires to be in writing, the court will presume that it is made with the requisite formalities to give it validity until the contrary appears. The defendant in answering may either plead that the contract was not in writing or insist upon that fact in his answer. If he meets the allegation of a contract in the bill with a general denial, and the complainant is put to his proof to establish it, he must show a writ-

ten contract; and if he does not, the evidence to establish the issue will be adjudged incompetent. (*Cozine* v. *Graham*, 2 Paige, 177; *Talbot* v. *Bowen*, 1 Marshall [Ky.], 437.) But if the bill set up an agreement admitting it to be by parol, or which shall in proof turn out to be by parol, the defendant cannot avail himself of the benefit of the statute, provided the bill contains along with the agreement matter sufficient to avoid the bar created by the statute. Such is said to be this case. A part performance by the respondent is alleged whereby it is insisted that the contract is taken out of the operation of the statute."

The rule laid down is that if the contract is denied, and it is one which comes within the statute, the plaintiff must show a written contract.

In the case of *Duffy* v. *O'Donovan* (46 N. Y. 226) all that was held was that the objection could not be raised, for the first time on appeal, that no contract was proved valid by the Statute of Frauds, where the contract was admitted by the answer. And then the rule was laid down that "if the defendants had intended to insist upon the Statute of Frauds, or the invalidity of the contract for any other reason, *they should have denied the making of the same* and put the plaintiff to proof, or set up the special matter relied upon."

In the case of *Marston* v. *Swett et al.* (66 N. Y. 209), also cited, the correct rule is again laid down. It is that "if the contract alleged in the complaint *had been denied*, or the Statute of Frauds had been set up as a defense, then it would have been necessary upon the trial to prove that the contract was in writing, if it was one which the statute required to be in writing."

The rule undoubtedly was, prior to *Porter* v. *Wormser* (*supra*), that where the contract was absolutely denied the Statute of Frauds was available to the defendant. And it might further be contended, under our system of pleading, that if the agreement is admitted by the answer, even if it is attempted to be attacked by another allegation in the answer as no contract, because not in writing, such a defense cannot be available, because the agreement being admitted by the pleadings, the court will not inquire whether it was or was not in writing. (*Cozine* v. *Graham, supra.*) This is the rule laid

down in section 755, Story's Equity. He says: "Courts of equity will enforce a specific performance of a contract within the statute, not in writing, where it is fully set forth in the bill, and is confessed by the answer of the defendant." The reason given for the decision is that the statute is designed to guard against fraud and perjury, and in such case there can be no charges of that sort.

Such, also, is the rule of pleading declared in our Court of Appeals in the case of *Fleischmann* v. *Stern* (90 N. Y. 110). In this case it was held that where a material averment of the complaint is not put in issue, such averment must, for the purposes of the trial, be taken as true; and the defendant is not at liberty to deny the existence of the facts constituting the cause of action stated in the complaint, or to prove any state of facts inconsistent therewith. And certainly, where the agreement is expressly admitted in the answer, the same rule must apply.

The defense of the statute seems to be only available, therefore, when the obligation of the contract is denied, and not otherwise.

In the case at bar the contract was denied. The plaintiff was, therefore, obliged to prove a contract valid under the statute.

Judgment affirmed, with costs.