THOMAS P. HALL, Respondent, *v.* NASSAU CONSUMERS ICE COMPANY, Appellant.

(Submitted December 9, 1932; decided January 10, 1933.)

*Theodore J. Miller* for appellant. In the absence of an acceleration clause no action may be brought upon a debenture until the due date. (*McCready* v. *Lindenborn*, 172 N. Y. 400; *Kelly* v. *Security Mutual Life Ins. Co.*, 186 N. Y. 16; *Werner* v. *Werner*, 169 App. Div. 9; *Burtis* v. *Thompson*, 42 N. Y. 246; *Benecke* v. *Haebler*, 38 App. Div. 344; *Nichols* v. *Scranton Steel Co.*, 137 N. Y. 471; *Roehm* v. *Horst*, 178 U. S. 17; *Baer* v. *Durham Duplex Razor Co.*, 228 App. Div. 350; 254 N. Y. 570; *Foxell* v. *Fletcher*, 87 N. Y. 476; *Llewellyn Iron Works* v. *Littlefield*, 74 Wash. 86; *Hinton* v. *Jones*, 136 N. C. 53; *Harshaw* v. *McKesson*, 66 N. C. 266; *Weinman* v. *Blake & Knowles Steam Pump Works*, 156 App. Div. 169.)

*John P. Carroll* for respondent. It is provided in the bonds that in each of the years 1930 to 1939, inclusive, there shall be called for payment by lot under procedure

to be determined by the board of directors, the sum of $5,000. The failure to comply with the terms thereof was a material and substantial breach justifying the maintenance of the present action. (*Helgar Corp.* v. *Warner's Features*, 222 N. Y. 449; *Fergus* v. *Chuck*, 236 N. Y. 155; *Jacob* v. *Young*, 230 N. Y. 244; *Central Trust Co.* v. *Chicago Auditorium Assn.*, 240 U. S. 581; *Wester* v. *Casin Co.*, 206 N. Y. 514; *Callahan* v. *K., A. C. & L. C. R. R. Co.*, 199 N. Y. 268.) The doctrine of anticipatory breach is not applicable. (*Baer* v. *Durham Duplex Razor Co.*, 228 App. Div. 350; 254 N. Y. 570.)

CRANE, J. The plaintiff has brought action upon seven debenture gold bonds of the Nassau Consumers Ice Company, Inc., of an authorized issue of $105,000, dated May 1, 1925. These bonds were made payable on May 1, 1940, "unless sooner called for payment as hereinafter set forth," with interest at the rate of eight per cent, payable the first days of May and November in each and every year. Each bond contained the following clause: "On the 1st day of May, in each of the years 1930 to 1939, inclusive, there shall be called for payment by lot under procedure to be determined by the Board of Directors of the Nassau Consumers Ice Co., Inc., the sum of Five Thousand ($5,000) Dollars. This Bond may be called for redemption at 105 per cent of its face value and accrued interest."

The defendant has failed to pay any interest on these bonds, and none of them were called for payment in 1930 or in 1931, as required by the above-quoted clause. The defendant corporation, moreover, has been taken over by a successor company, its assets have been distributed and the company was voluntarily dissolved prior to the year 1930. Upon these facts the trial court decided that there had been "such an anticipatory inability on the part of the defendant to perform as amounts to a breach." For this conclusion there may be some authority. (See Anson on Contract [Corbin's American edition], § 385, and following sections; The American Law Institute,

Restatement of the Law of Contracts, § 318; *Central Trust Co.* v. *Chicago Auditorium Assn.*, 240 U. S. 581.)

By the terms of the bond the company agreed to draw by lot and pay bonds in the sum of $5,000 in 1930 and in 1931. For all that we know, the plaintiff's bonds would have been among the number. This contingency was part of the contract and agreement which he paid for. The defendant failed to make any drawing. It failed to retire $5,000 of the bonds in 1930 and the same amount in 1931. In this particular it broke its contract and its obligation. This is not the case of a failure to pay an installment due upon a money obligation (*McCready* v. *Lindenborn*, 172 N. Y. 400; *Kelly* v. *Security Mutual Life Ins. Co.*, 186 N. Y. 16; *Roehm* v. *Horst*, 178 U. S. 1, 17; *Baer* v. *Durham Duplex Razor Co.*, 228 App. Div. 350; affd., 254 N. Y. 570; 3 Williston on Contracts, § 1328.) The bond called for a principal payment, a retirement of the bonds, which, in view of the breach, we are justified in assuming included or may have included the plaintiff's bonds.

The judgment below should be affirmed, with costs.

POUND, Ch. J. LEHMAN, KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Judgment affirmed.