25 FIFTH AVE. MANAGEMENT CO., INC., Respondent, v. IVOR B. CLARK, INC., Appellant.

First Department, May 6, 1952.

206

*Alexander Pfeiffer* and *Clarence S. Barasch* of counsel (*Pfeiffer & Crames,* attorneys), for appellant.

*A. L. Sainer* of counsel (*Harry B. Frank* and *Walter Janoff* with him on the briefs; *Benjamin Schaffer,* attorney), for respondent.

CALLAHAN, J. Plaintiff owned improved real estate in the City of New York. There was a certificated first mortgage on the property, upon which approximately $715,000 remained unpaid. The mortgage was held by a trustee for the certificate holders, who had been appointed by the Supreme Court of the State of New York. Plaintiff engaged defendant, a mortgage broker, to secure the acceptance of payment of the existing mortgage at the rate of ninety-two cents on each dollar of

principal due. The defendant was also to secure a new first mortgage of $600,000.

Under the practice of the court for the liquidation of certificated mortgages, the trustee, if he decided that it was proper, would submit an offer of payment at a discount to the court, which would obtain an appraisal of the property and canvass the views of the certificate holders on the proposal. Thereupon the court could approve or disapprove the offer.

In the instant case the trustee declined the offer of ninety-two cents, but suggested that he would submit a ninety-five-cent offer to the court without any recommendation, however, as to its acceptance. A rule of the Justice presiding over mortgage liquidations required submission of offers of ninety-five cents or better. The trustee requested that plaintiff put the offer in writing and deposit $5,000 as evidence of good faith and to secure the expense of the proceeding.

Defendant's vice-president in charge of the offer of discount misrepresented the progress of the matter to plaintiff. Meanwhile, he had obtained $5,000 from plaintiff in two payments upon false representations that the proposal was progressing favorably and converted the money to his own use. Although in the course of the negotiations plaintiff had signified its willingness to pay ninety-five cents, if the offer of ninety-two cents was not accepted, defendant's officer never put the ninety-five-cent offer in writing and failed to deposit the $5,000 requested by the trustees. In the meantime, defendant had secured a commitment from a financial institution for a new loan of $600,000, but plaintiff was unable to close the loan as the use of the money was contingent upon the success of the proceedings to discount the existing mortgage. Plaintiff was required to pay a fee of $2,000 in connection with the failure to close the $600,000 loan.

Eventually plaintiff was compelled to pay the $715,000 mortgage in full. Defendant at the time, pursuant to a further request of plaintiff, did obtain from a second financial institution an offer of a new first mortgage of $625,000, which plaintiff accepted.

Plaintiff brought this action for damages measured by the eight cents differential between ninety-two and one hundred cents on the $715,000 mortgage, plus the $2,000 fee paid for failure to close the $600,000 loan. Defendant counterclaimed for $1,925 agreed commissions on the $625,000 loan.

Though it clearly appeared that the ninety-two-cent offer could not have been consummated, the trial court nevertheless

submitted to the jury the plaintiff's claim of damages in the sum of $59,000. The jury, however, returned a verdict for $37,000 in favor of plaintiff, which was approximately five cents on each dollar of the $715,000, plus the $2,000 fee. It also awarded $1,925 to defendant. The latter now appeals from so much of the judgment as was based on the verdict of $37,000 for plaintiff.

We find that plaintiff failed to establish any cause of action, for it failed to show that the misconduct of defendant caused it to sustain any part of the damages of $37,000 awarded to it.

In order to sustain the award plaintiff was required to establish that but for defendant's misconduct the attempted discount of the mortgage on the basis of ninety-five cents on the dollar at least would have succeeded through acceptance by the certificate holders and approval of the court. The jury apparently so found. Under the circumstances of this case, we think that such a finding was wholly speculative. Plaintiff's proof on the subject of damages was required to establish a loss that flowed naturally and directly from defendant's breach of its engagement. The proof in this regard lacked that standard of reasonable certainty required to establish damages (*Wakeman* v. *Wheeler & Wilson Mfg. Co.*, 101 N. Y. 205; *Witherbee* v. *Meyer*, 155 N. Y. 446). The fact of damage must be susceptible of ascertainment in some manner other than mere conjecture or guesswork (*Broadway Photoplay Co.* v. *World Film Corp.*, 225 N. Y. 104, 109; *Dunkel* v. *McDonald*, 272 App. Div. 267; *Bannatyne* v. *Florence Milling & Mining Co.*, 77 Hun 289; 1 Sedgwick on Damages [9th ed.], §§ 170–172).

The fact that a Supreme Court Justice would have submitted the offer of ninety-five cents to the two hundred and fifty certificate holders, that the latter or a majority of them would have accepted the offer, and that the Supreme Court would eventually have ratified the proposal was wholly conjectural.

There was proof in the case as to the nature and value of the property, but, to say the least, this proof was as strongly against the approval of any discount as in favor of it. The mortgage was to mature shortly. It had been amortized consistently and the principal reduced in a considerable amount. The assessed value of the property for tax purposes was $900,000. There was no default on any term of the mortgage. It is incomprehensible that a jury could have found from the evidence what the decision of the certificate holders and the court would be other than to guess the result.

The case is not one where the existence of some actual damage is certain, but computation or amount is difficult of ascertainment. (See *Bigelow* v. *RKO Radio Pictures,* 327 U. S. 251, and *Spitz* v. *Lesser,* 302 N. Y. 490.) The question here is rather whether plaintiff was damaged at all by defendant's conduct. At least, the existence of some actual damage must be established as a reasonable certainty.

Nor is this a case where, so far as the parties were aware, the result was to be dependent upon a fortuitous event, and the defendant prevented the plaintiff from having the advantage of the chance (*Hall* v. *Nassau Consumers Ice Co.,* 260 N. Y. 417; *Chaplin* v. *Hicks,* [1911] 2 K. B. 786). In the *Hall* case the failure to retire any bonds during certain years was held to be a breach of the condition of the bonds, and the damage was apparently fixed by the amount promised to be paid in the bond. The rule in the *Chaplin* case that a chance based on a possible success is a thing of economic value does not appear to be followed in the courts of this country. (See 46 Harv. L. Rev. 699.) In any event, the present case is not one where the result depended upon chance. It is rather within the exception noted in the *Chaplin* case, where the result is dependent upon the mere unrestricted volition of others — here the volition of the certificate holders plus the judicial discretion of the court — and thus in such a situation, as the English court noted, it would be impossible to say that loss resulted from the breach.

This same rule is stated in Sedgwick on Damages (Vol. 1 [9th ed.], § 170, p. 319) as follows: "*A fortiori* if the occurrence of the loss depends upon a future exercise of choice by a third party, it is not usually provable with sufficient certainty."

We will assume that a situation might arise where a jury in a collateral proceeding could determine what a court would have decided upon the facts or the law in a direct proceeding. In such assumed situation, however, the circumstances would have to be that a particular result could be reasonably expected based upon the factual evidence of the merits of the claim and the applicable law. We have no such situation or proof here. The determination of the direct proceeding rested in the discretion of the certificate holders and the court. The best that can be said in plaintiff's favor is that their decision could have been rendered either way. Thus, there was nothing but conjecture upon which to rest a finding that any damage flowed from defendant's acts. Even the acceptance by plaintiff of the $600,000 loan was contingent on the success of the discount.

It admitted that it would have needed the $625,000 loan, if it had to pay the $715,000 in full.

In disposing of the case on the aforesaid basis we have assumed the liability of defendant for the unlawful acts of its vice-president.

The judgment, so far as appealed from, should be reversed, with costs of this appeal to the appellant, and judgment directed to be entered dismissing the complaint herein, with costs.

Dore, J. P., Cohn, Van Voorhis and Shientag, JJ., concur.

Judgment, so far as appealed from, unanimously reversed, with costs of this appeal to appellant, and judgment is directed to be entered dismissing the complaint herein, with costs. Settle order on notice.